McDONALD, Chief Justice.
This is an original proceeding to consider the adoption of amendments to Florida Rules of Civil Procedure 1.490 and 1.611. These amendments would allow the use of special masters in child support enforcement proceedings. We have jurisdiction pursuant to article V, section 2(a) of the Florida Constitution.
Federal rules adopted in the 1984 amendments to Title IV-D of the Social Security Act require states to establish extra-judicial processes for expediting the handling of child support establishment and enforcement actions. 42 U.S.C. §§ 654(20)(A) & 666 (Supp. II 1984). The federal rules call upon the states to implement a number of specific programs and procedures to improve the effectiveness of child support enforcement programs, including two separate procedures for the withholding of wages, the expedited establishment and enforcement of support orders, the collection of overdue support payments, the imposition of liens against real and personal property, the establishment of paternity, the posting of bonds or other security for overdue support, and reporting procedures to consumer reporting agencies of overdue support. Id. § 666. The federal rules, *895 however, grant the states the option oí applying for an exemption from these requirements so long as the states meet certain prerequisites. Id. § 666(d). The foremost requirement for obtaining an exemption from these federally mandated procedures is a showing that, under the processes used for establishing support and enforcing support orders, these cases are completed within the following time frames: (1) ninety percent in three months; (2) ninety-eight percent in six months; and (3) one hundred percent in twelve months.*
In an attempt to meet these prerequisites, the Florida Legislature enacted a number of provisions dealing with child support enforcement during its 1986 legislative session. Among those provisions was chapter 86-220, section 127, Laws of Florida, which requires the Florida Supreme Court to take certain steps to ensure compliance with the federal time standards and assist in seeking an exemption from the expedited process provision of the federal law. More specifically, section 127 provides:
The Supreme Court shall provide to the department on or before September 1, 1986, preliminary data to demonstrate that the courts are making substantial progress towards processing 90 percent of child support cases within 3 months, 98 percent of child support cases within 6 months, and 100 percent of child support cases within 1 year. The Supreme Court shall document the court’s commitment to achieve these time standards, agree in writing to provide quarterly data beginning January 1, 1987, on the disposition of cases filed after October 1, 1986, and provide evidence of the court’s record-keeping system for tracking compliance with the time standards. The department shall apply to the United States Department of Health and Human Services to obtain an exemption from the federal expedited process requirements. The Supreme Court shall on or before February 1, 1987, by rule provide for support enforcement masters to meet federal IV-D requirements.
Ch. 86-220, § 127, Laws of Fla. (emphasis added). Pursuant to this legislative mandate, representatives from the Circuit Court Judge’s Conference developed proposed amendments to rules 1.490 and 1.611 that provided for the appointment of special masters to deal with child support matters. These representatives submitted their proposals to this Court for our consideration. This Court subsequently solicited reactions and suggestions regarding these proposed amendments. The information we have thereby obtained from groups and individuals who deal with child support matters makes it clear that the proposed amendments, in their present form, neither fulfill our legislative mandate nor serve the best interests of the people of Florida. Accordingly, we decline to adopt the proposed amendments to rules 1.490 or 1.611 as submitted. Instead, we shall appoint by administrative order an ad hoe committee to study, draft, and propose a child support enforcement rule to this Court. This committee shall be required to submit a rule for our consideration no later than September 1, 1987.
It is so ordered.
OVERTON, EHRLICH, SHAW and BARKETT, JJ., and ADKINS, J. (Ret.), concur.

 45 C.F.R. § 303.101(2) (1985). Under this provision, the time requirements are evaluated from the time of filing to the time of disposition.