PER CURIAM.
In In re Florida Rules of Civil Procedure (Amendment to Rules 1490 and 1.611), 503 So.2d 894 (Fla.1987), we rejected proposed rules relating to child support enforcement proceedings. Following this rejection, the chief justice appointed an ad hoc committee to suggest rules which could be employed, if necessary, to comply with standards set by the agencies charged with paying indigent parents for child care. That committee’s recommendations are now before us.
In the interim the state trial courts have taken great care to assure that the existing court system is complying with minimum time standards for hearings to enforce child support orders. The existing system is the one of choice and should be utilized. Nevertheless, it is appropriate to have an alternate system available to assure compliance with time standards in cases under Title IV-D of the Social Security Act (42 U.S.C. § 651 et seq.).
With these thoughts in mind, and noting that implementation is subject to the decision of the chief justice, we approve the committee’s recommended rule and adopt it, to be effective at 12:00 a.m., March 1, 1988. The rule and the ad hoc committee’s notes are attached hereto.
It is so ordered.
McDonald, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.

Rule of Civil Procedure 1491 (Child Support Enforcement)

(a) Limited Application. This rule shall be effective only when specifically invoked by administrative order of the chief justice for use in a particular county or circuit.
(b) Scope. This rule shall apply to proceedings for the establishment, enforcement, or modifi' >tion of support wherein the party seeking support is receiving services pursuant to Title IV-D of the Social Security Act (42 USC § 651 et seq.) and to non-Title IV-D proceedings upon administrative order of the chief justice.
(c) Support Enforcement Hearing Officers. The chief judge of each judicial circuit shall appoint such number of support enforcement hearing officers for the circuit or any county within the circuit as are necessary to expeditiously perform the duties prescribed by this rule. A hearing officer shall be a member of the Florida Bar unless waived by the chief justice and shall serve at the pleasure of the chief judge and a majority of the circuit judges in the circuit.
(d) Clerk of Court. Upon the filing of a cause of action or other proceeding for the establishment, enforcement, or modification of support to which this rule applies, the clerk of the circuit court shall refer such proceedings to a support enforcement hearing officer, pursuant to procedures to be established by administrative order of the chief judge.
(e) General Powers and Duties. The support enforcement hearing officer shall be empowered to issue process, administer oaths, require the production of documents, and conduct hearings for the purpose of taking evidence. Upon the receipt of a support proceeding, the support enforcement hearing officer shall:
(1) Assign a time and place for an appropriate hearing and give notice to each of the parties as may be required by law.
(2) Take testimony and establish a record, which record may be by electronic means as provided by Florida Rule of Judicial Administration 2.070(c).
(3) Accept voluntary acknowledgment of paternity and support liability and stipulated agreements setting the amount of support to be paid.
(4) Evaluate the evidence and promptly make a recommended order to the court for the establishment and enforcement of support. Such order shall set forth findings of fact.
(f) Entry of Order and Relief from Order. Upon receipt of a recommended order, the court shall review the order and findings of fact and shall enter the same promptly unless good cause appears to amend the order or conduct further pro *120 ceedings. Any party affected by the order may:
(1) Move to vacate the order within ten (10) days from the date of entry.
(2) Move to modify the order at any time.
A motion to vacate the order shall be heard within ten (10) days after the movant applies for a hearing on the motion.

Ad Hoc Committee Notes

Title: The terminology “hearing officer” is utilized rather than “master” to avoid confusion or conflict with RCP 1.490.
Subsection (a): The rule is intended as a fall back mechanism to be utilized by the chief justice as the need may arise.
Subsection (b): The expedited process provisions of the applicable federal regulations apply only to matters which fall within the purview of Title IV-D. The committee recognizes, however, that the use of hearing officers could provide a useful case flow management tool in non-Title IV-D support proceedings.
It is contemplated that a circuit could make application to the chief justice for expansion of the scope of the rule upon a showing of necessity and good cause. It is the position of the representative of the Family Law Section of the Florida Bar that reference of non-Title IV-D proceedings should require the consent of the parties as is required by RCP 1.490(c).
Subsection (c): It is the position of the committee that hearing officers be members of the bar in that jurisdictional and other legal issues are likely to arise in proceedings of this nature. The waiver provision is directed to small counties in which it may be difficult or impossible to find a lawyer willing to serve and to such other special circumstances as may be determined by the chief justice.
Subsection (d): This paragraph recognizes that the mechanics of reference and operation of a program are best determined at the local level.
Subsection (e): This paragraph is intended to empower the hearing officer to fully carry out his responsibilities without becoming overly complicated. The authority to enter defaults which is referred to in the federal regulations is omitted, the committee feeling that the subject matter is fully and adequately covered by RCP 1.500.
The authority to accept voluntary acknowledgments of paternity is included at the request of the Department of Health and Rehabilitative Services. Findings of fact are included in the recommended order to provide the judge to whom the order is referred basic information relating to the subject matter.
Subsection (f): Expedited process is intended to eliminate or minimize delays which are perceived to exist in the normal processing of cases. This paragraph is intended to require the prompt entry of an order and to guarantee due process to the obligee.
General note: This proposed rule, in substantially the same form, was circulated to each of the chief judges for comment. Five responses were received. Two responding endorsed the procedure and three responding felt that any rule of this kind would be inappropriate. The committee did not address the question of funding, which included not only salaries of hearing officers and support personnel, but also capital outlay for furniture, fixtures, equipment and space, and normal operating costs. The committee recognizes that the operational costs of such programs may be substantial and recommends that this matter be addressed by an appropriate body.