596 So.2d 1046 (1992)
David L. HEILMAN, Petitioner,
v.
Barbara Ann HEILMAN, Respondent.
No. 78502.
Supreme Court of Florida.
April 9, 1992.
Stephen L. Cook, Jupiter, for petitioner.
Raymond M. Masciarella II, North Palm Beach, for respondent.
OVERTON, Justice.
We have for review Heilman v. Heilman, 583 So.2d 442 (Fla. 4th DCA 1991), in which the district court certified the following question as being of great public importance:
IS THE CONSENT OF BOTH PARTIES REQUIRED BEFORE A CHILD SUPPORT ENFORCEMENT ISSUE MAY BE REFERRED TO A HEARING OFFICER UNDER RULE 1.491, FLORIDA RULES OF CIVIL PROCEDURE?
Id. at 442. We have jurisdiction.[1] We answer the question in the negative and approve the decision of the district court.
A final judgment was entered dissolving the Heilmans' marriage and requiring the petitioner, Mr. Heilman, to pay the respondent, Mrs. Heilman, $1,000 per month in child support. Mrs. Heilman filed a verified motion for contempt alleging that Mr. Heilman was $15,000 in arrears in the payment of the child support. Pursuant to rule 1.491, Florida Rules of Civil Procedure,[2] the trial judge referred the matter to a hearing officer to conduct the appropriate proceedings and make findings of fact and recommendations of law.
At the hearing, Mr. Heilman objected to the entire proceeding, claiming that the consent of the parties was required before a hearing officer was empowered to conduct such proceedings. Mr. Heilman's objection was overruled by the hearing officer and, not wanting to waive the issue, *1047 Mr. Heilman refused to participate any further in the proceeding. The trial court, after considering the hearing officer's findings and recommendations, held that consent was not required under rule 1.491 and entered an order finding Mr. Heilman in contempt and specifically overruling the objection to the hearing officer's appointment.
Mr. Heilman filed an emergency petition for a writ of prohibition with the Fourth District Court of Appeal, which treated the petition as an appeal of a nonfinal order under rule 9.130, Florida Rules of Appellate Procedure. The district court affirmed the circuit court's order and certified the question.
Mr. Heilman contends that the consent of both parties is required for the appointment of a hearing officer to hear non-Title IV-D child support matters under rule 1.491. He reasons that, because the committee note to rule 1.491(b) makes reference to rule 1.490(c), which requires the consent of both parties, consent is also required under rule 1.491. The ad hoc committee's note to rule 1.491(b) states:
The expedited process provisions of the applicable federal regulations apply only to matters which fall within the purview of Title IV-D. The committee recognizes, however, that the use of hearing officers could provide a useful case flow management tool in non-Title IV-D support proceedings.

It is contemplated that a circuit could make application to the chief justice for expansion of the scope of the rule upon a showing of necessity and good cause. It is the position of the representative of the Family Law Section of the Florida Bar that reference of non-Title IV-D proceedings should require the consent of the parties as is required by RCP 1.490(c).
(Emphasis added.)
We reject Mr. Heilman's construction of the relationship between rules 1.490 and 1.491(a)-(c). Rule 1.490 governs the appointment, powers, duties, and qualifications of general and special masters in all cases. Subsection (c) of rule 1.490 provides: "No reference shall be [made] to a master, either general or special, without the consent of the parties." Rule 1.491, however, constitutes a distinct and separate process from rule 1.490, which provides for the use of general and special masters. In In re Florida Rule of Civil Procedure 1.491 (Child Support Enforcement), 521 So.2d 118 (Fla. 1988), we explained the reason for rule 1.491 as follows:
In In re Florida Rules of Civil Procedure (Amendment to Rules 1.490 and 1.611), 503 So.2d 894 (Fla. 1987), we rejected proposed rules relating to child support enforcement proceedings. Following this rejection, the chief justice appointed an ad hoc committee to suggest rules which could be employed, if necessary, to comply with standards set by the agencies charged with paying indigent parents for child care. That committee's recommendations are now before us.
In the interim the state trial courts have taken great care to assure that the existing court system is complying with minimum time standards for hearings to enforce child support orders. The existing system is the one of choice and should be utilized. Nevertheless, it is appropriate to have an alternate system available to assure compliance with time standards in cases under Title IV-D of the Social Security Act (42 U.S.C. § 651 et seq.).
With these thoughts in mind, and noting that implementation is subject to the decision of the chief justice, we approve the committee's recommended rule and adopt it, to be effective at 12:00 a.m., March 1, 1988.
Id. at 119. This rule was adopted by this Court to assure compliance with federal regulations concerning the collection of support in Title IV-D cases.[3]
Rule 1.491(a)-(b) provides that, upon invocation of the rule "by administrative order of the chief justice for use in a particular county or circuit," the rule applies to all *1048 "proceedings for the establishment, enforcement, or modification of support wherein the party seeking support is receiving services pursuant to Title IV-D of the Social Security Act (42 U.S.C. §§ 651 et seq.)." Furthermore, subsection (b) also provides that rule 1.491 applies "to non-Title IV-D proceedings upon administrative order of the chief justice," and does not expressly require the consent of the parties. (Emphasis added.) While the committee note to subsection (b) states that the position of the Family Law Section representative is that consent should be required, the rule is clear that once the chief justice has invoked rule 1.491 for non-Title IV-D cases, consent is not required. The committee note merely indicates the Family Law Section representative's position that the consent of both parties should be required and the representative's disagreement with the omission of a consent requirement.
In this case, rule 1.491 was invoked by the chief justice in an administrative order on April 3, 1989, to make rule 1.491 applicable to both Title IV-D and non-Title IV-D cases in the Fifteenth Judicial Circuit. We reject Mr. Heilman's arguments that: (1) the committee note requires the consent of the parties; (2) rule 1.491 was not properly invoked as to apply to non-title IV-D cases; and (3) there is no difference between rules 1.490 and 1.491.
Slattery v. Slattery, 528 So.2d 1377 (Fla. 4th DCA 1988), and Rosenberg v. Rosenberg, 566 So.2d 950 (Fla. 4th DCA 1990), relied on by the petitioner, are inapplicable because they involved proceedings under rule 1.490, not rule 1.491. Oliveri v. Oliveri, 541 So.2d 174 (Fla. 4th DCA 1989), did involve proceedings under rule 1.491 but is distinguishable. In that case, the "motion for temporary relief was automatically referred to a hearing officer for determination pursuant to Florida Rule of Civil Procedure 1.491 and Administrative Order 2.03.18 of the Seventeenth Circuit... ." Id. at 175. The district court expressly stated that it was reversing "the trial court's order insofar as it award[ed] temporary alimony and attorney's fees" because these issues were outside the limited authority of the hearing officer under that rule. Id. (emphasis added).
We conclude that this case is strictly a non-Title IV-D child support enforcement proceeding under rule 1.491, in which consent of both parties is not required. Accordingly, we answer the question in the negative and approve the decision of the district court.
It is so ordered.
SHAW, C.J., and McDONALD, BARKETT, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[1] Art. V, § 3(b)(4), Fla. Const.
[2] Florida Rule of Civil Procedure 1.491 reads, in pertinent part, as follows:

(a) Limited Application. This rule shall be effective only when specifically invoked by administrative order of the chief justice for use in a particular county or circuit.
(b) Scope. This rule shall apply to proceedings for the establishment, enforcement, or modification of support wherein the party seeking support is receiving services pursuant to Title IV-D of the Social Security Act (42 U.S.C. §§ 651 et seq.) and to non-Title IV-D proceedings upon administrative order of the chief justice.
(c) Support Enforcement Hearing Officers. The chief judge of each judicial circuit shall appoint such number of support enforcement hearing officers for the circuit or any county within the circuit as are necessary to expeditiously perform the duties prescribed by this rule. A hearing officer shall be a member of the Florida Bar unless waived by the chief justice and shall serve at the pleasure of the chief judge and a majority of the circuit judges in the circuit.
[3] See 42 U.S.C. § 666(a)(2) (1988) (effective Oct. 1, 1985); 45 C.F.R. §§ 302.70, 303.101 (1991).