COPE, J.
Bobby Rowdell Chattie appeals an order abating child support, determining arrear-ages, and establishing an income deduction order. We affirm.
In 1987, appellee Elaine V. Brooks filed a petition to determine paternity and obtain child support. The record reflects that the appellant father consented to service of process. The father acknowledged paternity and a 1987 judgment was entered establishing child support.
In 1995, the appellee mother filed a supplemental complaint to determine paternity of a second child. The record before us establishes that process was served on the father personally. Counsel appeared on his behalf, but later withdrew. Scientific testing established that the probability of the father’s paternity was 99.54 %. In 1997 the court entered a judgment of paternity for the second child and ordered a higher child support amount.
The youngest child attained the age of majority on December 6, 1998. The mother moved to abate child support and determine the child support arrearage. The child support hearing officer issued a recommended order granting the motion and determining the arrearage. The circuit judge entered an order approving the recommended order, as well as an income deduction order. The father has appealed.
The father argues in substance that the 1987 and 1997 judgments are void for lack notice of the proceedings. We agree with the mother that this contention is not properly before us.
Judgments for paternity and child support were entered against the father in 1987 and 1997. Those judgments were not appealed, and have become final. Since those judgments remain valid and have not been set aside, it was the responsibility of the trial court to calculate the arrearage based on the outstanding judgments. See State Dept. of Revenue v. Kiedaisch, 670 So.2d 1058, 1059 (Fla. 2d DCA 1996); Dept. of Health and Rehabilitative Services v. Porbansky, 569 So.2d 815, 816 (Fla. 5th DCA 1990); see also Babcock v. Whatmore, 707 So.2d 702 (Fla.1998). This ruling is without prejudice to the father to move for relief from judgment under Family Law Rule of Procedure 12.540 if there is a valid basis for such a motion.
The father argues that there should have been an abatement of his child support obligation because during 1997 he became incarcerated in the Florida Department of Corrections and remained incarcerated until after the youngest child became eighteen in 1998. He argues that no arrearage should be assessed for the period of time that he was incarcerated.
We reject this argument as well. “A payor parent must continue to make child support payments pursuant to the child support provision of a final divorce judgment until he files a motion for modification and such motion is favorably acted upon. Here, the father never submitted such a motion.” Raybuck v. Raybuck, 451 So.2d 540, 541 (Fla. 2d DCA 1984) (citations omitted). Since the child support order remained in effect through the time that the youngest child attained the age of majority, it was proper to include that time period in the computation of the child support arrearage.
The father appears to argue that the motion to abate and determine the child support arrearage should not have been heard by a child support hearing officer. He says that he did not consent to having the motion heard by a child support hearing officer. We reject this argument as well. A referral to a child support hearing officer under Family Law Rule of Procedure 12.491 does not require the consent of the litigants. See Gregory v. Rice, *1046 727 So.2d 251 (Fla.1999); Heilman v. Heilman, 596 So.2d 1046 (Fla.1992).
We have carefully considered the father’s arguments, but find that he has not demonstrated a basis for relief. Accordingly the orders now before us are affirmed.