BARFIELD, Judge.
The Wife appeals an order on the Husband’s petition for modification of a final judgment of dissolution of marriage, in which the trial court ruled that the Husband’s obligation to pay alimony is relieved in any year in which the Wife’s income exceeds $25,000. Because the trial court misconstrued the unambiguous terms of the agreement dealing with the effect of the Wife’s earnings on the amount of alimony the Husband is required to pay, we strike those portions of the order relieving the Husband of the obligation to pay alimony in any year in which the Wife’s income exceeds $25,000, but otherwise affirm the order.
Patricia and John Adams were divorced in 1977 after a 20 year marriage during which they adopted two children, Mark and Elizabeth, who were ten years old and eight years old, respectively, at the time of the divorce. The parties stipulated that the Wife would receive the marital home and furnishings and would have custody of the children. Acknowledging that they each had independent legal advice in the negotiation of the agreement, the parties also agreed as follows:
The Petitioner shall pay unto the Respondent 50% of his net income on the first and fifteenth days of each and every month, commencing with the month following the approval of this agreement by the above styled court. (Net income for purposes of this agreement shall be limited to income derived solely from Petitioner’s engagement in the practice of urology and to medical emergency room services by independent contract for the *1302 personal services of the Petitioner. Income from other investments shall be excluded in determining net income). Of the sums paid, 60% shall be deemed child support and 40% shall be deemed alimony; however, in no event shall the combined payments of child support and alimony exceed $25,000.00, in any one year. The support payment herein provided is based on the representations of the Respondent that she will earnestly attempt to become gainfully employed, as soon as possible. During all periods of Respondent’s employment, alimony payments shall be reduced by a sum equivalent to 40% of the Respondent’s gross salary.
Payments of alimony as herein provided shall terminate upon the death or remarriage of Respondent, (sic) The child support payments shall terminate when a child reaches the age of 18 years, marries, becomes self-supporting or dies, whichever occurs first, and such payment shall continue in favor of Respondent as alimony. Upon cessation of all child support payments, the Petitioner shall pay unto the Respondent as permanent alimony until her death or remarriage, the annual sum of $25,000.00 in equal monthly installments commencing with the first of the month following the termination of all child support payments, or 50% of Petitioner’s net professional income, whichever is less.
This agreement was approved by the court and made a part of the final judgment of dissolution.
The trial court erred in interpreting the parties’ agreement to provide that “in any year in which the wife's earnings exceeds (sic) $25,000.00, she is entitled to no alimony for that year” and in ruling “the agreement between the parties speaks for itself and in those years where the wife’s income exceeds $25,000.00, the husband is relieved of the payment of ‘alimony’.”
According to the unambiguous terms of the settlement agreement, the Husband is entitled to credit against the amount owed for alimony (but not child support) in any year in the amount of 40% of the Wife’s income. The approval of the settlement agreement by the trial court and its incorporation in the final judgment made these provisions binding on both parties.
We therefore STRIKE those portions of the order which misconstrue the settlement agreement[1], and otherwise AFFIRM the order, leaving the parties bound by the terms of their agreement.
SMITH and JOANOS, JJ., concur.

. The following portions of the trial court’s order are deleted:
Under the agreement, in any year in which the wife’s earnings exceeds $25,000.00, she is entitled to no alimony for that year. An examination of her 1985 earnings record indicates that for that year, she was entitled to no alimony. Nevertheless, $10,000.00 was paid to her by the husband.
(page 2 of the order), and:
ORDERED and ADJUDGED that the agreement between the parties speaks for itself and in those years where the wife’s income exceeds $25,000.00, the husband is relieved of the payment of "alimony.” It is recognized by the Court that the parties agreed to the income of the wife on an Annual basis and the husband has in the past been making alimony payments on a Monthly basis. It is further
[[Image here]]
(page 3 of the order).