536 So.2d 365 (1988)
Martha Brown Lassiter LEAGUE, Appellant,
v.
William Buchanan LASSITER, Appellee.
No. 88-1456.
District Court of Appeal of Florida, First District.
December 28, 1988.
*366 John F. Roscow, III and Marilyn W. Peterson, of Scruggs & Carmichael, Gainesville, for appellant.
Allison E. Folds, of Watson, Folds, Steadham, Christmann, Brashear & Tovkach, Gainesville, for appellee.
WENTWORTH, Judge.
Appellant seeks review of an order by which appellee's child support obligation was reduced. This obligation had been established in accordance with a settlement agreement executed by the parties when their marriage was dissolved. We find that the circumstances presented do not warrant modification of the approved monthly support agreement. To this extent we reverse the order appealed.
The child support established at the time of dissolution in 1983 was predicated upon the parties' settlement agreement which addressed custody and support of the children as well as distribution of the marital property. Appellee agreed to pay $2,000 per month for the support of the parties' four minor children, and appellant was to receive the use and possession of the marital home and all proceeds from a subsequent sale thereof if she did not move from the geographic area. Shortly after the dissolution order was entered appellee transferred title of the home to appellant. At the time of dissolution appellant was employed as an elementary school teacher earning less than $20,000 per year. Appellee was employed as a medical doctor and professor earning in excess of $46,000 per year.
Appellee thereafter terminated his employment and opened his own medical office, and in 1985 the parties agreed to a temporary one year reduction in child support to $1500 per month. At the conclusion of the year appellee sought a further modification of child support, asserting that changed circumstances warrant a reduction in the amount.
At the hearing on modification it was established that appellee had sold his private medical practice and was employed by a hospital with earnings in excess of $60,000 per year. Appellant had remarried and was earning slightly over $20,000 per year. It was indicated that the parties' original support agreement had been structured so as to continue the full $2,000 amount until the last of the four children reached the age of 21, became self-supporting, joined the military service, married, or died. Appellant described this arrangement as intended to preserve the home and insure the same advantages for the younger children as the older ones. Appellee did not dispute this intent, but suggested instead that he has become dissatisfied with the arrangement.
The parties' oldest child had reached the age of 20 at the time of the modification hearing. She was attending college and residing apart from appellant, receiving only occasional monies from the parties. Another child had reached the age of 18 and was living with appellant, after a brief period in her own apartment, and preparing to enter the military service. The two younger children, who were in private preschool and day care at the time of dissolution, were residing with appellant and attending elementary school.
The court found that there was a substantial change in circumstances warranting modification of appellee's child support obligation. In this regard the court noted that appellant now owns the marital residence and is remarried, with her new husband contributing to the expense of maintaining the home. The court also noted that the parties' two older children had lived outside the household, and that the minor children no longer attend private school. Child support was modified so as to require appellee to pay $500 per month per child for each of the two minor children, and $500 per month directly to each of the two older children, until they reach the age of 21, become self-supporting, join the military, marry, or die.
While a substantial change in circumstances is ordinarily a sufficient predicate for modification, a heavier burden may apply when an award has been made pursuant to a settlement agreement. See e.g., Brighton v. Brighton, 517 So.2d 53 (Fla. 4th DCA 1987), review denied 528 So.2d 1181 *367 (Fla. 1988); Bish v. Bish, 404 So.2d 840 (Fla. 1st DCA 1981). Modification should not be granted merely because a party becomes dissatisfied with a fiscal bargain which they freely negotiated. See Casto v. Casto, 508 So.2d 330 (Fla. 1987); Brighton, supra. However, where a settlement agreement encompasses child support the best interest of the child remains paramount, and only such agreements as are consistent with this best interest will be enforced. See Essex v. Ayres, 503 So.2d 1365 (Fla. 3d DCA 1987); Bernstein v. Bernstein, 498 So.2d 1270 (Fla. 4th DCA 1986).
Appellee has not shown any circumstances in the execution of the parties' settlement agreement which would impact its validity, and insofar as appellee seeks a downward modification of child support the agreement remains, on consideration of the recited facts, in the children's best interest. While appellant's income has increased, and her remarriage may favorably impact her total financial circumstances, these factors do not warrant modification in the context of this case. And even if the two older children reside outside appellant's household, and the younger children no longer require preschool care, the likelihood of these occurrences could have been anticipated when the parties executed their settlement agreement. The agreed support obligation was not established on a per child basis, but rather was made to continue unabated in order to fully provide for the younger children. The modest increase in appellant's financial circumstances is more than offset by the significant increase in appellee's income, and in the circumstances presented the modification of appellee's child support obligation from a total sum to a per child basis was an abuse of discretion.
Insofar as the order appealed modifies appellee's monthly child support obligation it is reversed.
MILLS and SHIVERS, JJ., concur.