622 So.2d 532 (1993)
James A. BISSELL, Former Husband, Appellant,
v.
Diana L. BISSELL, Former Wife, Appellee.
No. 92-1152.
District Court of Appeal of Florida, First District.
July 28, 1993.
John P. Townsend, Ft. Walton Beach, for appellant.
No brief filed for appellee.
SHIVERS, Senior Judge.
The husband brings this appeal from the "Supplemental Final Judgment" in a dissolution of marriage action challenging virtually every aspect of that final judgment. Because we find reversible error in all but one point raised on appeal, we remand this cause to the trial court for reconsideration of the entire support and distribution plan.
*533 An award of rehabilitative alimony must be predicated upon evidence of a need for the alimony and the other party's ability to pay, as well as evidence that the party seeking the rehabilitative alimony "has the ability through retraining or education to provide for a standard of living reasonably commensurate with the standard established during the marriage." Deas v. Deas, 592 So.2d 1221, 1222 (Fla. 1st DCA 1992). Here, the wife presented no evidence concerning her ability to be retrained, how long it would take for her to be retrained, in what area she desired to be retrained, and the actual amount of alimony which would be needed. The wife's total testimony on this issue is:
Q. Do you anticipate being able to obtain any substantially better employment than you have right now with your job skills and educational level?
A. Later on I'm going to do my best to get something a lot better.
Q. Do you have any prospects or anything in the foreseeable future that you're qualified to do that would substantially increase your income right now?
A. Not yet.
Q. Are you going back to school or anything like that?
A. Somewhere down the road, I might try to do that.
Q. You don't have any definite plans?
A. I have no definite plans.
Transcript of hearing, p. 70.
The lack of competent and substantial evidence to support this award is of special consequence since the trial court's various awards of alimony and child support and the court's direction that the husband pay the expenses of the home and pay the parties' debts, leave the husband, until the marital home sells, with only 20 percent of his net monthly income to provide for himself. It would appear that the trial court may have fashioned this award with the knowledge that the husband, who at the time held the rank of Master Sergeant in the United States Air Force, was leaving for Korea and would have virtually no living expenses for approximately one year. Moreover, the trial court was aware that in approximately three years, the husband's obligation to pay child support would have ended, and he probably would have retired most of his debts. We are aware of the supreme court's admonishment that merely referring to the percentage of net monthly income left to a party after support obligations are paid, without giving consideration to the remaining facts of the case, is not in itself a reason to reverse. See Pastore v. Pastore, 497 So.2d 635 (Fla. 1986). However, this burdensome plan of support and distribution, coupled with the lack of evidence to support the award of rehabilitative alimony, requires us to reverse this portion of the judgment and remand for further consideration.
Additionally, we reverse the trial court's award to the wife of a 40 percent interest in the husband's military retirement payments to begin on the first day of the month following the date on which the husband is eligible to retire, even if he continues on in active military duty beyond that date. That provision is at odds with the parties' stipulation that the wife would receive 40 percent of the husband's military retirement at such time as he retires.
It is generally accepted that a stipulation between the parties may be treated as a partial settlement agreement which must not be disturbed unless found to be ambiguous or in need of clarification, modification or interpretation. Altman v. Altman, 585 So.2d 1127 (Fla. 1st DCA 1991). Since the stipulation was clear, and there was no finding that it needed to be clarified or modified, the trial court abused its discretion in making an award contrary to that stipulation. Accordingly, we reverse this portion of the final judgment and remand for the trial court to re-address the husband's military pension in light of the parties' stipulation. See also DeLoach v. DeLoach, 590 So.2d 956 (Fla. 1st DCA 1990), which accords the issue of military pension plans exhaustive treatment.[1]
*534 Turning to the next point, we agree with the husband that the trial court erred in requiring him to maintain a health insurance policy on the parties' minor child if it is in fact true that by virtue of the husband's being on active duty in the air force, the child is entitled to military medical benefits as a dependent. This point was recognized by the parties and their counsel at the final hearing where they agreed that the husband will "maintain a medical ID card and that the parties will jointly share any reasonable and necessary medical, dental, optical and orthodontic expense if not covered." Transcript of hearing, p. 60.
Paragraph 5 of the final judgment appears to be consistent with the stipulation to the extent that, although it orders the husband to maintain health insurance for the benefit of the child, it also states that "he shall furnish the mother all identification cards and other documentation necessary for her to obtain those benefits for the child." The order goes on to recognize that each party shall be responsible for one-half of all remaining medical, dental, orthodontic, or optical expense that is not covered by health insurance. Thus, the trial court may in fact have recognized the parties' agreement on this point, but because the judgment is unclear and because we must reverse and remand for further consideration on the other points, we remand as well on this point for either reconsideration or for clarification.[2]
On another issue, we affirm the trial court's direction that the husband maintain a life insurance policy as security for the payment of child support and alimony. The husband points out that the requirement is for $25,000 of life insurance, whereas the child support obligation imposed is $450 per month. He reasons that since the child was 15 years old at the time of the entry of the final judgment, and if his child support obligation continues for three additional years, the total amount of his obligation would be $16,380. Therefore, he maintains that any additional amount of insurance in excess of that obligation is unwarranted. For this proposition he cites to Brogdon v. Brogdon, 530 So.2d 1064 (Fla. 1st DCA 1988). However, we find Brogdon to be distinguishable.
In that case, we held it to be an abuse of discretion for the trial court to order the husband to acquire and maintain a life insurance policy in the amount of $100,000 as security for his alimony obligation, on the basis that even though the actual amount of the alimony award could not be determined, the amount would obviously be so small "as to render unreasonable the requirement that the husband maintain a $100,000 life insurance policy as security for the payment of alimony." Id. at 1066. In the instant case, the husband argues that his obligation for child support would be only slightly over $16,000 during the course of the next three years. He therefore urges that any amount of insurance over that amount would be unwarranted. Obviously, the requirement that the husband obtain a $25,000 life insurance policy is not nearly as unreasonable under these circumstances as was the requirement in Brogdon for a $100,000 policy. Consequently, the trial court did not abuse its *535 discretion in this case. Nevertheless, because we must reverse and remand other portions of the trial court's plan of support and distribution, the trial court is free to reconsider this aspect of the final judgment as well.
Finally, we agree with the husband that the trial court's requirement that he pay the wife's attorney's fees and costs is contrary to the parties' stipulation. The record instead shows that counsel for the wife indicated that the wife had agreed to pay her own attorney's fees and costs. Transcript of hearing, p. 60.
Based on the foregoing, we reverse the "Supplemental Final Judgment" with the exception of the award of life insurance, and remand the cause for the trial court to reconsider its entire plan. On remand, if the court deems it necessary, it may require the parties to present further evidence.
BOOTH and MINER, JJ., concur.
NOTES
[1] Although DeLoach involved a non-vested retirement plan, this court has very recently held that the reasoning therein can be applied equally to a vested pension plan. Kirkland v. Kirkland, 618 So.2d 295 (Fla. 1st DCA 1993).
[2] However, we nonetheless disagree with husband that Gay v. Gay, 573 So.2d 180 (Fla. 2d DCA 1991) requires there be evidence in this case of the cost of medical insurance for the parties' child. Gay was predicated on two earlier decisions from the Fifth District in which the husbands in those cases were ordered to pay all of the respective wifes' medical expenses not covered by insurance. As argued by one husband, one extended illness could wipe him out financially. Accordingly, in each case the Fifth District agreed to remand to the trial court to determine each husband's maximum liability in that regard. However, the court also observed in one of the cases that a trial court in its discretion may order a husband to pay "`a reasonable amount for medical insurance premiums... .'" See Richards v. Richards, 477 So.2d 620 (Fla. 5th DCA 1985), citing to Miller v. Miller, 466 So.2d 356 (Fla. 5th DCA 1985). Thus, to the extent paragraph 5 does not indicate that the medical insurance must be obtained at a reasonable cost, it should be so clarified. Otherwise, absent evidence that the child suffers from any protracted illness, a determination of the cost of the child's need for medical insurance would be purely speculative.