GUNTHER, Judge.
Carol Ann Moran, the former wife, appeals the trial court’s order of dissolution of marriage. The former wife contends that the trial court erred in ..its determinations relative to the marital home, the valuation of asset credits, and the distribution of the parties’ pensions. Paul Joseph Moran, the former husband, cross-appeals the trial court’s award of one-half of the former wife’s attorney’s fees, and the award of rehabilitative alimony. We affirm in all respects, except we reverse the award of rehabilitative alimony.
In Bissell v. Bissell, 622 So.2d 532 (Fla. 1st DCA 1993), the court held:
An award of rehabilitative alimony must be predicated upon evidence of a need for the alimony and the other party’s ability to pay, as well as evidence that the party seeking the rehabilitative alimony “has the ability through retraining or education to provide for a standard of living reasonably commensurate with the standard established during the marriage.”
(quoting Deas v. Deas, 592 So.2d 1221, 1222 (Fla. 1st DCA 1992)).
*831 Although the former wife earned approximately $21,000.00 per year before, and during, the marriage, the trial court awarded the former Wife $250.00 per month for two years for rehabilitative alimony. However, the award of rehabilitative alimony to the former wife is not supported by the record. In the record, rehabilitative alimony is mentioned only three times. First, the former wife’s attorney refers to her entitlement to lump sum or rehabilitative alimony in his opening statement; second, the attorney for the former wife refers to rehabilitative alimony in his written final argument; and third, rehabilitative alimony is mentioned in the husband’s written final argument, where he argues that the former wife is not entitled to alimony.
Most significant, the former wife, just as in Bissell, never presented any evidence concerning her ability to be retrained, how long it would take for her to be retrained, in what areas she desired to be retrained, and the actual amount of rehabilitative alimony which would be needed. In addition, no evidence was presented to show that the former wife would improve her financial condition or “bridge the gap” with the aid of rehabilitative alimony. See Kanouse v. Kanouse, 549 So.2d 1035 (Fla. 4th DCA1989). Therefore, we reverse the trial court’s award of rehabilitative alimony, and remand for the trial court to modify the final judgment accordingly.
REVERSED AND REMANDED.
KLEIN, J., concurs.
POLEN, J., dissents with opinion.