637 So.2d 76 (1994)
Linda C. MALONE, Appellant,
v.
Francis J. MALONE, Appellee.
No. 93-833.
District Court of Appeal of Florida, Fifth District.
May 20, 1994.
John D. Mahaffey, Jr., Orlando, for appellant.
Michelle T. Morley, Tavares, for appellee.
GOSHORN, Judge.
The former wife appeals the dismissal of her motion for the former husband to show cause why he should not be held in contempt for failure to pay child support in accordance with the parties' separation agreement which had been incorporated into their final judgment of dissolution of marriage. We reverse.
On November 19, 1984, the former wife filed a petition for dissolution of marriage. On March 27, 1985, the trial court rendered its final judgment incorporating the terms of a separation and property settlement agreement entered into by the parties on January 27, 1984. The judgment was not appealed. The agreement in pertinent part, provided:
Realizing the increases in the cost of living, it is understood and agreed that in the event the Husband receives an increase in compensation, the child support provided for herein shall be increased by an amount *77 equal to twenty percent (20%) of such increase in compensation.
Various controversies arose between the parties, and the former wife ultimately filed the motion which is the subject of this appeal. The former husband moved to dismiss the motion, contending that automatic increases in child support are improper and thus unenforceable. The trial court agreed and dismissed the former wife's motion with prejudice.
We begin our analysis with the acknowledgment that the appellate courts in this state routinely reverse provisions in dissolution judgments which provide for automatic adjustments of support obligations. The rationale that has evolved is that an automatic increase in support lacks a foundation evidencing that need and ability to pay have substantially changed. See Kangas v. Kangas, 420 So.2d 115 (Fla. 2d DCA 1982) (order requiring unemployed husband to pay $10 per week per child to be increased to $35 per child on becoming employed reversed because there was no evidentiary basis for the determination of future events); Stoler v. Stoler, 376 So.2d 253 (Fla. 3d DCA 1979) (order requiring increase in support based on cost of living index reversed because, although it might be beneficial, it might not), cert. denied, 389 So.2d 1115 (Fla. 1980); Reid v. Reid, 365 So.2d 1050 (Fla. 4th DCA 1978) (order providing for $25 child support and $25 alimony with alimony to increase to $50 when child support ceases reversed because husband would be paying $50 whether or not wife had custody); Richter v. State, 344 So.2d 889 (Fla. 4th DCA 1977) (error to award automatic yearly 5% cost of living increase); McNaughton v. McNaughton, 332 So.2d 673 (Fla. 3d DCA) (abuse of discretion to order successive reductions in alimony where record reveals no basis for reductions), cert. denied, 345 So.2d 424 (Fla. 1977).
These cases are distinguishable from the instant case, however, in that none of the judgments incorporated the settlement agreement. In this case, the former husband agreed to the automatic increase and the final judgment incorporating that agreement was not appealed. While no case has been found where the validity of such agreements were directly at issue, there are cases where such agreements incorporated into the final judgment were enforced. See Adams v. Adams, 502 So.2d 1301 (Fla. 1st DCA 1987); Bish v. Bish, 404 So.2d 840 (Fla. 1st DCA 1981); Blue v. Blue, 188 So.2d 563 (Fla. 4th DCA 1966). Further, a court can generally enforce provisions in marital settlement agreements even though the court could not order the same provisions absent an agreement. See Winset v. Fine, 565 So.2d 794 (Fla. 3d DCA 1990) (enforcing provision of marital settlement agreement requiring husband to contribute to son's college education even though son reached age of majority).
We hold that it was error for the trial court to dismiss the former wife's motion for rule to show cause. On remand, we caution that our holding does not dictate a finding of contempt. The trial court must consider the former husband's equitable defenses and whether and how the court should exercise its contempt power. The court must also consider the former husband's petition for modification. See, e.g., Tietig v. Boggs, 578 So.2d 838 (Fla. 3d DCA 1991), approved, 602 So.2d 1250 (Fla. 1992).
REVERSED and REMANDED.
W. SHARP and DIAMANTIS, JJ., concur.