666 So.2d 957 (1996)
Kathryn Ann BALLANTYNE, Appellant,
v.
Robert C. BALLANTYNE, Appellee.
No. 95-587.
District Court of Appeal of Florida, First District.
January 8, 1996.
Rehearing Denied February 14, 1996.
*958 W. Gregg McCaulie of Hand, Drew, Showalter, Mercier, Kelly & McCaulie, P.A., Jacksonville, for Appellant.
W.K. Lally, P.A., Jacksonville, for Appellee.
PER CURIAM.
In this appeal, appellant claims the trial court erred by denying her motion for modification of child support. Because the parties' unambiguous settlement agreement incorporated into the final judgment expressly permits appellant to request a modification to establish a child support amount under the guidelines and waives any requirement that she establish a change of circumstances, we agree and reverse.
In the instant case, the parties' marital settlement agreement gives appellant sole responsibility for their two minor children. One paragraph provides as follows:
The Husband shall pay to the Wife as and for child support for the minor children in the amount of $500.00 per month commencing on August 1, 1993, and continuing on the first day of each and every month thereafter until further order of this Court... . The parties recognize that this amount is below the Husband's share of money needed for the children under the child support guidelines. The Wife shall be able to modify the child support award without establishing a change of circumstances.
The final judgment of dissolution of marriage filed on July 22, 1993, incorporates this paragraph verbatim.
One year after the divorce and pursuant to the above-cited provision in the final judgment, appellant filed a motion to modify the child support award which requested that a child support amount be determined under the guidelines in section 61.30, Florida Statutes. Appellee opposed the modification, and a hearing was held. The court questioned the meaning of the last sentence of the child support paragraph  "The Wife shall be able to modify the child support award without establishing a change of circumstances"  and took testimony from the parties. Appellant testified that the clause meant that she could request a modification of child support that complied with the child support guidelines without showing a change of circumstances. The former husband testified that appellant had verbally agreed not to seek modification until the parties had paid off a consolidation loan they obtained to pay the debts of the marriage. In an order filed January 20, 1994, the court ruled that it lacked jurisdiction to modify the child support award because there had been no showing of a substantial change of circumstances.
A trial court's decision on a modification of child support is subject to review under the abuse of discretion standard. League v. Lassiter, 536 So.2d 365 (Fla. 1st DCA 1988). A settlement agreement entered into and ratified by a trial court, however, is subject to interpretation like any other contract. See Altman v. Altman, 585 So.2d 1127, 1129 (Fla. 1st DCA 1991). Interpretation of a marital settlement agreement as with a contract is a matter of law putting the appellate court on equal footing with the trial court as interpreter of the written document. Geiger v. Geiger, 632 So.2d 693, 695 (Fla. 1st DCA 1994). A settlement agreement should not be disturbed unless found to be ambiguous or in need of clarification, modification, or interpretation. Bissell v. Bissell, 622 So.2d 532 (Fla. 1st DCA 1993). In addition, contract terms are to be given their plain meaning absent any evidence that the parties intended the words to have a special meaning. Bingemann v. Bingemann, 551 So.2d 1228 (Fla. 1st DCA 1989), review denied, 560 So.2d 232 (Fla. 1990). The court abuses its discretion when it makes an award contrary to a clear and unambiguous settlement agreement. Bissell, 622 So.2d at 533.
Having found the subject sentence regarding child support modification in the instant case to be ambiguous, the trial court below made no effort to clarify or interpret the sentence and chose instead to disregard the provision completely. This court has stated that
[i]t is fundamental that the court may not remake an agreement between the parties, and if there is any ambiguity, the agreement will be interpreted in accordance *959 with the best interest of the child concerned. In construing a contract, the court should place itself as nearly as possible in the position of the parties when the contract was executed, and should consider the object sought to be accomplished by the agreement.
Bingemann v. Bingemann, 551 So.2d 1228, 1233 (Fla. 1st DCA 1989), review denied, 560 So.2d 232 (Fla. 1990) (citations omitted). We find no ambiguity in the subject child support provision. The parties are thus bound by the terms of their agreement. See Malone v. Malone, 637 So.2d 76, 76-77 (Fla. 5th DCA 1994); Adams v. Adams, 502 So.2d 1301 (Fla. 1st DCA 1987). We hold that the trial court abused its discretion by denying appellant's motion for modification of the child support award. The cause is reversed and remanded with directions that the trial court determine a child support amount for the husband pursuant to the guidelines in section 61.30, Florida Statutes.
MINER, WOLF and VAN NORTWICK, JJ., concur.