992 So.2d 886 (2008)
Richard SILVER, Appellant/Cross-Appellee,
v.
Karen SILVER, Appellee/Cross-Appellant.
No. 2D07-3105.
District Court of Appeal of Florida, Second District.
October 24, 2008.
*887 Arnold D. Levine and Robert H. Mackenzie of Levine, Hirsch, Segall, Mackenzie & Friedsam, P.A., Tampa, for Appellant.
Allison M. Perry of Law Office of Allison M. Perry, Tampa, and Michael L. Lundy of Older & Lundy, Tampa, for Appellee.
KELLY, Judge.
Richard Silver, the former husband, appeals from the amended final judgment of dissolution of marriage that ratified the parties' mediated settlement agreement and antenuptial agreement and incorporated them into the final judgment. We agree with the former husband that the trial court erred when it included in the amended final judgment an award to the former wife based on claims she raised for the first time after the parties had entered into a binding mediation agreement. The former wife, Karen Silver, cross-appeals, arguing that the trial court erred in failing to award her lump sum alimony as provided in the antenuptial agreement. Because the lump sum alimony provision in the antenuptial agreement had been superseded by the parties' mediation agreement, we find no merit in the former wife's contention that the trial court's failure to make that award was error. Accordingly, we reverse on the main appeal and affirm on the cross-appeal.
When the parties married they executed an antenuptial agreement that delineated their property rights and support obligations in the event of a divorce. After almost eight years of marriage, the former husband petitioned for dissolution. In his petition, the former husband asked the trial court to ratify the parties' antenuptial agreement and incorporate it into the final judgment of dissolution. The former wife filed an answer and counterpetition asserting that the antenuptial agreement was not valid.
The parties agreed to mediate, and they reached a settlement that they memorialized in a written mediation agreement. The mediation agreement addressed custody and child support, alimony, distribution of assets, taxes, insurance, and attorney's fees and also provided for a substantial lump sum payment to the former wife *888 upon entry of a final judgment of dissolution. The parties and their attorneys signed the agreement, and the mediator filed it in the trial court. The former husband then sought entry of a final judgment pursuant to the mediation agreement. Although it is not clear why, the former husband's motion remained pending for several months. In the meantime, shortly after the mediation, the former wife retained new counsel who, after several months, sought leave for the former wife to amend her answer and counterpetition.
In her proposed amended counterpetition the former wife asked the court to enter a final judgment incorporating the mediation agreement, a copy of which was attached to her counterpetition. However, she also asserted that the mediation agreement did not fully resolve some of the issues it addressed, and she asked the court to resolve those issues. In addition, the former wife attached a copy of the antenuptial agreement that she had previously claimed was invalid. Now, rather than asserting it was not valid, the former wife sought to enforce its provisions, or perhaps more accurately, sought to enforce the provisions that benefitted her financially. Pointing to language in the mediation agreement stating that it "sets forth the material terms agreed upon by the parties" and constitutes a "full and complete settlement of the issues," the former husband objected to the proposed amendment contending that the mediation agreement settled all of the parties' issues including any claims by the former wife arising under the antenuptial agreement.
The trial court rejected the former husband's contention, reasoning that because the mediation agreement did not mention the antenuptial agreement, it could not have settled the issues that might arise under that agreement. Concluding that the former wife retained all her rights under the antenuptial agreement, the court denied the former husband's motion for entry of a final judgment, authorized the parties to engage in discovery, ordered them to again participate in mediation, and set a date for a final hearing. The parties proceeded to a final hearing, and the court ultimately entered a final judgment awarding the former wife everything that was provided for her in the mediation agreement together with sums she contended she was owed pursuant to the antenuptial agreement. Both parties challenge the final judgmentthe former husband because the court enforced provisions of the antenuptial agreement that he contends were superseded by the mediation agreement and the former wife because it did not award her the lump sum alimony provided for in the antenuptial agreement.
The trial court's interpretation of a mediated settlement agreement is subject to de novo review. Kirsch v. Kirsch, 933 So.2d 623, 626 (Fla. 4th DCA 2006). A mediated settlement agreement is a contract and should be interpreted as such. Id.
The courts have established rules to be observed in the construction of contracts. One requires that the contract should be considered as a whole in determining the intention of the parties to the instrument. Another is to the effect that the conditions and circumstances surrounding the parties and the object or objects to be obtained when executing the contract should be considered. Another is that courts should place themselves, as near as possible, in the exact situation of the parties to the instrument, when executed, so as to determine the intention of the parties, objects to be accomplished, obligations created, time of performance, duration, consideration, mutuality, and other essential features.
*889 Fla. Power Corp. v. City of Tallahassee, 154 Fla. 638, 18 So.2d 671, 674 (1944); see also City of Tampa v. Ezell, 902 So.2d 912, 914 (Fla. 2d DCA 2005); Bay Mgmt., Inc. v. Beau Monde, Inc., 366 So.2d 788, 791 (Fla. 2d DCA 1978).
We agree with the former husband that the language of the mediation agreement is unambiguous and that the trial court's interpretation of that language is contrary to its plain meaning. The mediation agreement states it is a "full and complete settlement of the issues." In concluding that the mediation agreement only resolved the issues it referenced, leaving unresolved any issue pertaining to the antenuptial agreement, the trial court apparently failed to consider two important circumstances surrounding the execution of the agreement.
First, the trial court failed to appreciate what "the issues" were when the parties entered into the mediation agreement. At that point in the litigation, the former husband's petition sought to enforce the parties' antenuptial agreement while the former wife argued that the agreement was not valid. Instead of invoking her rights under the antenuptial agreement, the former wife claimed entitlement to alimony and asserted other claims that were inconsistent with the rights she had under that agreement. Because the trial court did not place itself in the position of the parties at the time they executed the mediation agreement, it did not recognize the agreement for what it wasa compromise of the parties' respective positions vis-á-vis the antenuptial agreement.
Second, the trial court failed to give effect to the language stating the mediation agreement was a "full and complete settlement." Florida Family Law Rule of Procedure 12.740, which governs mediation in family law matters, provides that "[i]f the parties do not reach an agreement as to any matter as a result of mediation, the mediator shall report the lack of an agreement to the court without comment or recommendation." Fla. Fam. L.R.P. 12.740(f)(3). Rather than indicate that any issues remained to be litigated, the mediator reported that "all issues" had been settled. Given the requirement in rule 12.740 that the mediator report any unresolved matters, the trial court had no basis to conclude that the parties' settlement was only a partial resolution of the former wife's claims.
Because the parties had entered into a binding mediation agreement that constituted a full and complete settlement, the trial court should not have allowed the former wife to amend her counterpetition and assert new claims under the antenuptial agreement. We therefore reverse the portion of the amended final judgment awarding $214,838 to the former wife for claims she made under the antenuptial agreement and affirm the trial court's decision denying the former wife's claim for lump sum alimony.
Affirmed in part; reversed in part; and remanded.
WHATLEY and STRINGER, JJ., Concur.