KELLY, Judge.
 

 Kerry Harvell Irvin, the former wife, appeals from the order denying her motion to hold Marcus Lane Irvin, the former husband, in contempt for failure to pay child support and granting the former husband’s motion to enforce a mediation agreement. We reverse.
 

 The parties’ marriage was dissolved by a final judgment that approved and incorporated a mediation agreement the parties had entered into on May 4, 2005. Among other things, the mediation agreement set forth the equitable distribution scheme agreed to by the parties. Pertinent here, it contained a provision stating that the parties would share equally in funds due under the “Turley Note Receivable” if any money was ever paid pursuant to the note. The agreement also designated the former wife as the primary residential parent, and the final judgment of dissolution provided that the former husband would pay monthly child support by income deduction order.
 

 Subsequently, the former husband sought to modify the final judgment. His petition asked the court to award him primary residential custody of the parties’ children. As a result of the petition, the parties entered into a second mediation agreement. The agreement states that it “is intended to be a full settlement of all pending issues between the parties, except for any outstanding uncovered medical expenses for the minor children.” The agreement provides that neither parent will be designated as primary residential parent, and it eliminates the income deduction order, instead permitting the former husband to pay the amounts agreed to by the parties directly to the children’s school and to the former wife. Finally, it specifies that the former husband is to retrieve certain items of personal property remaining in the marital home within thirty days or the former wife will be free to dispose of those items. The court entered an order approving the second mediation agreement. That order, as well as the order amending the final judgment, provides that except for the changes reflected in the
 
 *1023
 
 second mediation agreement, the parties’ previous final judgment “shall remain unmodified and in full force and effect.”
 

 The former husband stopped paying child support as soon as the income deduction order was eliminated. In response, the former wife filed a motion for contempt. The former husband then filed a motion seeking to enforce the second mediation agreement alleging that, pursuant to that agreement, he was entitled to all of the Turley funds, which by that time had been received and were being held by the former husband’s attorney. The trial court conducted hearings on both parties’ motions. In support of his motion the former husband argued that because the second agreement specified the amount of the support payments to be received by the former wife but was silent regarding her entitlement to a share of the Turley funds that it meant she was no longer entitled to a share of those funds. The court accepted this argument and granted the former husband’s motion to enforce the mediation agreement. The court denied the former wife’s motion to hold the former husband in contempt; however, it did enter an income deduction order in the amount of $400 per month. The court did not make any determination regarding the amount of the arrearage owed by the former husband.
 

 On appeal, the former wife first argues that the terms of the parties’ mediation agreements are unambiguous and that the trial court erred when it interpreted the agreements in a manner that divested her of her share of the Turley funds. The trial court’s interpretation of a mediation agreement is reviewed de novo.
 
 Silver v. Silver,
 
 992 So.2d 886, 888 (Fla. 2d DCA 2008). A mediation agreement that has been ratified by the trial court “is subject to interpretation like any other contract.”
 
 Ballantyne v. Ballantyne,
 
 666 So.2d 957, 958 (Fla. 1st DCA 1996). The terms contained in such agreements should be given their plain meaning and “not be disturbed unless found to be ambiguous or in need of clarification, modification, or interpretation.”
 
 Id.
 

 Here, the language of the two mediation agreements is clear and unambiguous, and we agree with the former wife that the trial court’s interpretation of that language is contrary to its plain meaning. The first agreement states in pertinent part, “Turley Note Receivable: The parties have received a letter of protection for $33,000. At such time as this or any other sum is actually available, the parties shall equally share in said asset.” The second mediation agreement states that it is “a full settlement of all pending issues between the parties, except for any outstanding uncovered medical expenses for the minor children.” The only issue pending at that time was the former husband’s supplemental petition to modify custody— the issue of entitlement to the Turley funds had been resolved by the first agreement, and nothing in the former husband’s petition put the disposition of those funds in issue. Additionally, the order granting modification of the final judgment and incorporating the second agreement lists the modifications being made to the final judgment and states that, “[i]n all other respects the parties’ previous 2005 final judgment shall remain unmodified and in full force and effect.”
 

 In concluding that the former wife was only entitled to receive the payments specified in the second mediation agreement, the trial court should have considered the circumstances surrounding the execution of the agreement.
 
 See Silver,
 
 992 So.2d at 888-89 (explaining that when an agreement states it resolves the issues pending between the parties, the court must place itself in the position of the parties when
 
 *1024
 
 they executed the agreement to determine what those issues are). When the parties entered into the second agreement, the only pending issue was the former husband’s petition for modification of custody. The disposition of the Turley funds was part of the equitable distribution scheme the parties had agreed to in their first mediation agreement. That distribution scheme had been incorporated into the final judgment of dissolution, and nothing in the former husband’s petition put that disposition at issue. Further, the trial court did not give effect to the language in the second agreement that provided “[i]n all other respects the parties’ previous 2005 final judgment shall remain unmodified and in full force and effect.” By changing the disposition of the Turley funds, the trial court modified the 2005 final judgment, contrary to the plain language of the second agreement. We therefore reverse the portion of the order granting the former husband’s motion to enforce the second mediation agreement.
 

 The former wife also argues that the trial court erred when it denied her motion to hold the former husband in contempt without establishing an arrearage amount. The former husband does not dispute that he is in arrears with his child support and concedes that it was error for the trial court not to have made any findings regarding the amount of the arrearage. Accordingly, we reverse the denial of the former -wife’s motion for contempt and remand for further proceedings in accordance with this opinion.
 

 Reversed and remanded.
 

 NORTHCUTT and WALLACE, JJ., Concur.