ROLLAND A. STEELE, JR.,

    Appellant,

v.

KAMILAH PRINCE,

    Appellee.

_____/

IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-0074

Opinion filed August 22, 2016.

An appeal from the Circuit Court for Leon County.
Jonathan E. Sjostrom, Judge.

Rolland A. Steele, Jr., pro se, Appellant.

Joseph Robert Boyd, Jr. of Boyd, Durant & Sliger, P.L., Tallahassee, for Appellee.

PER CURIAM.

Rolland A. Steele, Jr., appeals from an order adopting the magistrate's recommendation to deny his motion to enforce timesharing. He argues that the lower court erred in its interpretation of a document governing his timesharing

rights. We agree and reverse.

The parties are divorced with a child in common. Their timesharing rights with the child are governed by a mediation agreement. On the subject of weekend timesharing, the mediation agreement provides as follows:

> Weekends: The Father shall be entitled to time-sharing with the child one weekend per month. Weekends shall be defined to be Friday at the time school recesses until Monday when school resumes; to be on time. In the event the Father is unable to exercise his timesharing, his parents shall be substituted. *The parties shall agree on the weekend during which he will exercise the timesharing with thirty (30) days notice. If the parties are unable to agree, the timesharing shall occur on the third (3rd) weekend of the month.*

(Emphasis added.)

On September 5, 2014, Steele requested timesharing for the weekend of September 19, 2014. When this weekend came, Steele was denied timesharing by Kamilah Prince, the mother. At a subsequent hearing before a general magistrate, Steele argued he was wrongfully denied visitation. The magistrate disagreed, interpreting the italicized language to require thirty days' notice even for visitation during third weekends of the month.

The trial court's interpretation of a mediation agreement is reviewed according to the *de novo* review standard. Irvin v. Irvin, 76 So. 3d 1021, 1023 (Fla. 2d DCA 2011). The interpretation of such agreements is "subject to contract law principles." Kirsch v. Kirsch, 933 So. 2d 623, 626 (Fla. 4th DCA 2006). The language in a mediation agreement should be given its plain meaning and "'not be

2

disturbed unless found to be ambiguous or in need of clarification, modification, or interpretation.'" Id. (quoting Ballantyne v. Ballantyne, 666 So. 2d 957, 958 (Fla. 1st DCA 1996)).

We conclude that the magistrate failed to give the language of the mediation agreement its plain meaning. By its terms, the agreement makes the third weekend of the month a default period for timesharing. So long as the parties cannot agree otherwise, the mediation agreement directs that "timesharing shall occur on the third (3rd) weekend of the month." This is so regardless of whether notice is provided.

We reverse and remand for further proceedings consistent with this opinion.

WINOKUR, JAY, and WINSOR, JJ., CONCUR.