# Third District Court of Appeal

## State of Florida

Opinion filed October 16, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-2078
Lower Tribunal No. 21-17542

_____

**Advanced Design & Construction Co.,**
Appellant,

vs.

**Claude Zein,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Mark Blumstein, Judge.

Carlton Fields, P.A., and Dean A. Morande (West Palm Beach), for appellant.

Anthony & Partners, LLC, and Townsend J. Belt and Julia G. Traina (Tampa), for appellee.

Before LOGUE, C.J., and MILLER and LOBREE, JJ.

LOGUE, C.J.

Advanced Design & Construction Co. initiated two separate lawsuits in

Florida to domesticate (1) a judgment entered in Virginia state court against

Claude Zein; and (2) an order entered in federal bankruptcy court in the District of Colombia which approved a settlement agreement between Advanced Design and Zein. The issue is whether the settlement agreement nullified the Virginia judgment or merely modified it. The trial court held the settlement agreement replaced the judgment and accordingly entered an order vacating the Virginia judgment and the related bankruptcy order. We hold that the judgment survived the settlement agreement, albeit in modified form, and therefore the trial court erred in vacating the judgment and bankruptcy order.

We typically review orders vacating judgments for an abuse of discretion. Rinconcito Latino Cafeteria, Inc. v. Ocampos, 276 So. 3d 525, 527 (Fla. 3d DCA 2019). However, as is the case here, "[t]o the extent an appeal implicates the interpretation of a settlement agreement, our standard of review is de novo." IET, Inc. v. Intellocorp, LLC, 357 So. 3d 755, 758 (Fla. 3d DCA 2023). We also review the trial court's interpretation of a court order de novo. Martin v. Martin, 344 So. 3d 621, 622–23 (Fla. 1st DCA 2022) ("We review the trial court's decision based upon its interpretation of the final judgement . . . de novo."). See also Ballantyne v. Ballantyne, 666 So. 2d 957, 958 (Fla. 1st DCA 1996) ("[T]he appellate court [is] on equal footing with the trial court as interpreter of the written document.").

Advanced Design obtained a money judgment against Zein in Virginia state court. Zein then filed for bankruptcy. And Advanced Design filed an adversarial proceeding in bankruptcy court to prevent Zein from discharging the Virginia judgment. Zein settled the adversarial bankruptcy proceeding by entering into a settlement agreement which provided that a portion of Zein's debt to Advanced Design would be non-dischargeable. It read:

> 1. The Parties shall enter a consent order ("the Consent Order") in the Adversary Proceeding, determining that <u>Four Hundred and Twenty-Five Thousand Dollars ($425,000.00) ("the Settlement Amount") of the [Virginia] Judgment</u>, including interest and costs, <u>is and shall be non-dischargeable</u> in Zein's current chapter 7 bankruptcy proceeding and any subsequent proceeding filed by or against Zein.
> . . . .
> 3. . . . Advanced Design shall be permitted to <u>immediately pursue collection and enforcement activity</u> . . . .
> . . . .
> 4. <u>Except for Zein's obligation to pay the non-dischargeable Settlement Amount hereunder</u> . . . , <u>Advanced Design</u> . . . <u>hereby releases and forever discharges Zein</u> . . . <u>from</u> any and all liability under or in connection with any and all past, existing and/or future claims, suits, liabilities, demands, costs, expenses, <u>judgments</u>, damages, actions and causes of action . . . . which Advanced Design . . . ever had, now have or may have based on, arising from or in any way relating to the Adversary Proceeding . . . .

(emphasis added). The bankruptcy court entered an order approving the settlement agreement.

Years later, Advanced Design recorded the Virginia judgment and the bankruptcy order in Miami-Dade County, Florida, and initiated the two

3

domestication proceedings in Miami-Dade County Circuit Court under the Florida Enforcement of Foreign Judgment Act, §§ 55.501 to 55.509, Florida Statutes. Thereafter, Zein initiated an action in Miami-Dade Circuit Court contesting the domestication of the bankruptcy consent order.

After initially consolidating the domestication cases for discovery only, the trial court treated them as consolidated by entering the order under review which addressed both litigations.

Zein moved to vacate both judgments, arguing that the settlement agreement discharged the Virginia judgment, and the bankruptcy order did nothing more than approve the settlement agreement. Because of this, Zein maintained, the judgment and order were unenforceable and should be vacated. He contended that Advanced Design needed to file a breach of contract lawsuit on the settlement agreement to obtain any relief. The trial court agreed and vacated both orders. This appeal followed.

A foreign judgment "may be enforced, released, or satisfied, as a judgment of a circuit or county court of this state." § 55.503(1), Fla. Stat. (2024). At the same time, under Florida Rule of Civil Procedure 1.540(b)(5), a trial court "may relieve a party . . . from a final judgment [or] order" when it finds "that [it] has been satisfied, released, or discharged." Where a settlement agreement, "is clear and unambiguous, the parties are bound by

4

the plain terms of their agreement." <u>Davis v. Davis</u>, 390 So. 3d 1251, 1255 (Fla. 5th DCA 2024). And the plain terms are the best evidence of the parties' intent. <u>Walsh v. Walsh</u>, 262 So. 3d 212, 215 (Fla. 5th DCA 2018).

Our analysis focuses on the language in the agreement which provided that "Four Hundred and Twenty-Five Thousand Dollars ($425,000) of the <u>Judgment</u>, including interest and cost, is and shall be nondischargeable . . . ." (emphasis added). Further, if Zein failed to make certain time payments, the agreement provided "Advanced Design shall be permitted to immediately <u>pursue collection and enforcement activity</u>." (emphasis added). It also provided that all "<u>judgments</u>" were released "[e]xcept for Zein's obligation to pay the non-dischargeable Settlement Amount hereunder . . . ." (emphasis added).

The language providing that a portion of the judgment shall be non-dischargeable does not support a reading that the judgment was discharged in its entirety. Nor does the language that "judgments" were released except for a set amount. Finally, the language allowing Advanced Design to pursue "immediate collection," although perhaps not dispositive, cuts against a reading of this language as representing a new contract which a trial court would have to find was breached and another judgment obtained before Advanced Design could pursue "immediate collection."

5

Accordingly, we hold the judgment, as modified by the parties' agreement, remains in full force and effect. The trial court order erred in vacating the Virginia judgment and bankruptcy order.

Reversed and remanded.