356 So.2d 1266 (1978)
VAGABOND CONTAINER, INC., Appellant,
v.
CITY OF MIAMI BEACH, Appellee.
No. 76-1983.
District Court of Appeal of Florida, Third District.
March 7, 1978.
Rehearing Denied April 21, 1978.
Holland & Knight and John W. Frost, II, Bartow, for appellant.
Joseph A. Wanick, City Atty., Riechenthal & Weinstein, Miami, and Lee H. Schillinger, Coral Gables, for appellee.
Before HAVERFIELD, C.J., and HENDRY and NATHAN, JJ.
PER CURIAM.
Appellant/plaintiff, Vagabond Container, Inc., appeals the damages portion of a final judgment entered in its favor against appellee/defendant, the City of Miami Beach. The primary contention on appeal is that the trial judge erroneously instructed the jury as to the elements of damages, resulting in an inadequate award.
*1267 In 1973, appellant was engaged in the business of marketing a wheeled refuse container system. The system consisted of roll-out receptacles for garbage and trash, and "dump" units that mechanically lift the receptacles and dump the contents into a garbage truck.
In December of 1973, appellant and appellee entered into a contract whereby appellant was to furnish appellee with 20,000 receptacles and 38 dump units. In reliance upon the executed contract, appellant then entered into various sub-contracts with several suppliers who were to manufacture the component parts of the contracted goods.
By July 17, 1974, appellant had delivered to appellee some 2,060 garbage containers and 12 dump units, which appellee had accepted and put into use. Notwithstanding this acceptance, the containers proved to be faulty in that the lids to said containers (which had been replaced and redesigned on three separate occasions) warped, allowing water to seep into the refuse and creating a health problem. On the above date, appellee, acting through its official representatives at a City Council meeting, cancelled the contract.
Suit was thereupon filed by appellant in which it alleged breach of contract and sought damages in excess of $400,000.00. Appellee counterclaimed for breach of warranty alleging that the containers were unfit for the purpose for which they were created and sought damages in excess of $120,000.00.
At the conclusion of a jury trial, appellant was awarded $100,000.00 damages on its claim for breach of contract, while appellee was awarded $10.00 on its counterclaim for breach of warranty. A final judgment was thereupon entered by the trial judge which reflected the jury's award. From that final judgment, appellant has taken this appeal, contending that the award of damages was grossly inadequate and contrary to the evidence. In support thereof, appellant has assigned as error a number of the instructions given to the jury by the trial judge on the issue of damages.
After carefully reviewing the record, briefs and arguments of counsel, it is our opinion that the trial judge erred in instructing the jury on the issue of damages recoverable by a seller upon breach of contract by the buyer. As such, and for the following reasons, we reverse the final judgment as it applies to appellant's award and remand the cause for new trial on the damages issue.
Pursuant to Chapter 672, Florida Statutes (1975), a seller is entitled to his full measure of damages from a buyer who has breached his contract for the sale of goods. In determining the full measure of damages to be awarded, the jury should have been instructed in the following areas: lost profits, pursuant to Section 672.708(2), Florida Statutes (1975); incidental damages, pursuant to Section 672.708(2) and 710, Florida Statutes (1975); and recovery of the contract price of any goods "accepted" by the buyer, pursuant to Section 672.709, Florida Statutes (1975). Sub judice, the trial judge failed to instruct the jury on damages recoverable by virtue of the lost profits of appellant. See Industrial Circuits Company v. Terminal Communications, Inc., 26 N.C. App. 536, 216 S.E.2d 919, 17 U.C.C.Rep. Serv. 996 (1975).
It is the duty of the court to instruct the jury as to the proper measure of damages in the case and as to the elements to be considered in arriving at the damages. Security Mutual Casualty Company v. Bleemer, 327 So.2d 885 (Fla.3d DCA 1976); Fournier v. Lott, 145 So.2d 885 (Fla.3d DCA 1962). The failure to charge the jury on damages attributed to lost profits was error, and in light of the applicable law and recovery received, we must presume that such error harmfully influenced the jury's verdict. Henning v. Thompson, 45 So.2d 755 (Fla. 1950).
Accordingly, the final judgment is reversed and remanded for new trial on the issue of appellant's damages.
Other points raised by appellant need not be considered in light of our determination.
Reversed and remanded for new trial.