550 So.2d 47 (1989)
FLORIDA MINING & MATERIALS CORP., a Florida Corporation, Appellant,
v.
STANDARD GYPSUM CORP., a Florida Corporation, Appellee.
No. 88-02948.
District Court of Appeal of Florida, Second District.
August 23, 1989.
*48 J. Rex Farrior, Jr., Raymond T. Elligett, Jr. and Neal A. Sivyer of Shackleford, Farrior, Stallings & Evans, P.A., Tampa, and Ralph J. Savarese, Mark D. Wegener and Michael J. Hurley of Howrey & Simon, Washington D.C., for appellant.
Julian Clarkson of Holland & Knight, Tallahassee, and C. Steven Yerrid of Stagg, Hardy & Yerrid, P.A., Tampa, for appellee.
CAMPBELL, Chief Judge.
Appellant, Florida Mining & Materials Corporation, appeals a final judgment awarding appellee, Standard Gypsum Corporation, damages in the amount of $3,120,566. The award of damages to appellee was a consequence of the jury's special verdict findings that appellant had breached its contract with appellee. The contract between the parties called for appellee to sell to appellant all of appellant's gypsum requirements. Appellee filed its action below alleging that appellant breached the contract by purchasing gypsum from third parties.
Appellant defended and counterclaimed against appellee seeking rescission and damages on the grounds of fraud, breach of contract on the part of appellee, breach of warranty and on other theories. The jury in its special verdicts found for appellee and against appellant in regard to the breach of contract claims. We find no reversible error in regard to those findings. We do, however, find error in regard to the measure of damages the jury was permitted to consider. Appellant argues and we agree that it was error to permit the jury to consider and award appellee as seller under the contract consequential damages for loss of its business that appellee asserts flowed from appellant's breach of the contract of sale. We reverse the award of damages to appellee and remand for a new trial on that issue alone.
The Uniform Commercial Code (U.C.C.) governs the sale of goods in Florida. Ch. 672, Fla. Stat. (1987). While an aggrieved buyer may recover consequential damages for a seller's breach of contract (sections 672.713-672.715), an aggrieved seller is limited to recovering lost profits and incidental damages as its remedy for a breach of contract. § 672.708, Fla. Stat. (1987); Vagabond Container, Inc. v. City of Miami Beach, 356 So.2d 1266 (Fla. 3d DCA), cert. denied, 364 So.2d 882 (Fla. 1978).
Appellee argues that the U.C.C. as codified in Florida in chapter 672 does not preclude the parties to a contract of sale from expressly agreeing to damages exceeding or differing from those expressed or prohibited in the U.C.C. Appellee relies upon paragraph 8 of an addendum to the parties' contract to provide that exception to the limitation on the seller's right to *49 recover consequential damages as expressed in the U.C.C.
That paragraph provides as follows:
a. [I]t is necessary for the Seller to incur costly inventory expenses well in advance of delivery to and payment by Buyer for the Gypsum. A default by the Buyer will cause the Seller to suffer substantial and irreversible financial damages... .

b. In the event of Buyer's default hereunder, the rights of Seller hereunder may be enforceable in a court of equity by a decree of specific performance or injunctive relief as the case may be. Such remedy shall, however, be cumulative and not exclusive, and shall be in addition to any other remedy Seller may have including an award of appropriate damages in the event the actions of Buyer so warrant.
(Emphasis supplied.)
We cannot agree with appellee and the trial judge that the emphasized language of paragraph 8 provides a clear and express right to consequential damages for the loss of appellee's business sufficient to overcome the limitations of the U.C.C. prohibiting the recovery of such consequential damages by a seller.
The construction of the terms of an unambiguous contract is a question of law for the court. Peacock Construction Co, Inc. v. Modern Air Conditioning, Inc., 353 So.2d 840 (Fla. 1977); Atkins v. Litsinger, 513 So.2d 178 (Fla. 2d DCA 1987); Neumann v. Brigman, 475 So.2d 1247 (Fla. 2d DCA 1985); Reliance Insurance Co. v. Brickenkamp, 147 So.2d 200 (Fla. 2d DCA 1962). As such, this court is on an equal footing with the trial judge as an interpreter of the contract since that interpretation is based solely on the written document. Dalton v. Dalton, 304 So.2d 511 (Fla. 4th DCA 1974). There was no attempt in the trial court to portray the contract on its terms as ambiguous. There was no effort to introduce parol evidence to discern the intent of the parties. Neither was there evidence as to which party was responsible for preparation of the contract. We are unable to construe the contract as clearly providing appellee as seller with the right to recover consequential damages for the alleged loss of its business. The provisions of the U.C.C. must therefore govern. We are required to reverse and remand for a new trial on the issue of damages.
We also reverse the judgment awarding attorney's fees, costs and prejudgment interest. It is more proper that all of those matters be addressed after retrial.
The other issues raised by appellant in this appeal are either without merit or are made moot by our disposition of this appeal.
Reversed and remanded for new trial on damages.
PARKER and ALTENBERND, JJ., concur.