548 So.2d 297 (1989)
Leslie SENTZ, Appellant,
v.
Steven SENTZ, Appellee.
No. 89-0584.
District Court of Appeal of Florida, Fourth District.
September 6, 1989.
Charles H. Rubenstein, P.A., Fort Lauderdale, and Edna L. Caruso of Edna L. Caruso, P.A., West Palm Beach, for appellant.
No appearance, for appellee.
GUNTHER, Judge.
We reverse because the trial court erred in denying appellant's motion filed pursuant to Florida Rule of Civil Procedure 1.540(b)(4) seeking relief from an amended order dated November 21, 1988, modifying child support payments.
We agree with appellant's assertion that since appellee filed no pleading for a modification of child support, the trial court was without jurisdiction to modify the child support payments. Cortina v. Cortina, 98 So.2d 334 (Fla. 1957). Additionally, because the issue of the appellee's child support obligation exceeded the scope of a contempt proceeding, the trial court violated appellant's due process rights by modifying the appellee's support obligation. Margulies v. Margulies, 528 So.2d 957 (Fla. 3d DCA 1988). Since the trial court lacked jurisdiction to enter an order modifying child support, the trial court erred in denying the appellant's motion for relief from said order.
Accordingly, we reverse the order denying appellant's motion for relief filed pursuant to Florida Rule of Civil Procedure 1.540(b)(4). Furthermore, this cause is remanded with instructions to quash the amended order dated November 21, 1988, on the grounds that it is void.
REVERSED AND REMANDED.
POLEN and GARRETT, JJ., concur.