COWART, Judge.
This is a confused case involving child support. The parties [1] were originally di *1177 vorced in New York and the New York court entered an order for child support. Thereafter, a URESA proceeding was instituted to enforce the New York support order against the obligor father who had at that time moved to Pasco County, Florida. There were certain URESA proceedings in Pasco County (some of which do not now appear to be relevant) including the entry of an order for support dated September, 1986. Thereafter the mother and children moved from New York to Hernando County, Florida, and on June 6, 1988, the circuit court of Hernando County entered an order which not only attempted to direct that support payments under the September, 1986 Pasco County support order be paid to and through the clerk of the circuit court in Hernando County, but more importantly, based upon the consent of both parties, entered a new order for child support of $100 per week for two children.
The father did not make the payments ordered by the June 6, 1988 Hernando County order and the mother filed a motion to hold the father in contempt.[2] Apparently on January 26, 1989, the circuit court in Hernando County entered a form order titled “Final Judgment for Support” ordering the father to pay child support in the amount of $20 per week per child.
Although the “Final Judgment for Support” dated January 26, 1989 does not expressly provide that it constitutes a modification of the June 6, 1988 Hernando County order for support, the mother appeals and argues that the January 26, 1989 order in substance constitutes an adjudication modifying and reducing the previously ordered support and that when the order of January 26, 1989 was entered, the only issue properly before the trial court was the mother’s motion to hold the father in civil contempt and that the trial court erred in modifying and reducing the corrected order of support because the trial court’s jurisdiction to modify that order had not been properly invoked by the father by the filing of a motion for that relief, nor did the mother receive due process notice and opportunity to be heard as to the modification and reduction of the existing child support order. We agree.
As this court stated in In Interest of D.F.W., 497 So.2d 925, 926 (Fla. 5th DCA 1986):
The trial court cannot modify a support order or other adjudicated right unless the court’s subject matter jurisdiction has been properly invoked by appropriate pleadings, and that invoked jurisdiction has been perfected by the proper service of process and due process notice and an opportunity to be heard on that issue has been had. None of this was done here. See Cortina v. Cortina, 98 So.2d 334 (Fla.1957); Manning v. Varges, 413 So.2d 116 (Fla. 2d DCA 1982).
See also Hammond v. Hammond, 492 So.2d 837 (Fla. 5th DCA 1986).
Accordingly, the order of January 26, 1989 is reversed to the extent that it reduces the amount of child support set by the June 6, 1988 order and the cause is remanded for further proceedings.
REVERSED and REMANDED.
HARRIS and PETERSON, JJ., concur.

. The Department of Health and Rehabilitative Services, the nominal appellant, is acting under section 409.2564, Florida Statutes, for the mother, who is the “real party in interest” plaintiff-appellant and is the custodian of the parties’ dependent children.

. In the meantime, the father had filed a motion to vacate a September, 1986 Pasco County support order.