PETERSON, Judge.
H.R.S. on behalf of Donna Ward appeals an “Order of Technical Contempt and Deferred Payment of Specific Amount and Support” that found the former husband in civil contempt for failure to pay child support, imposed no sanctions, and reduced the monthly amount of child support he was obligated to pay. We reverse.
The former husband was ordered to pay weekly $70 as child support and $2 as the clerk’s fee pursuant to a default order of support entered on September 30, 1983. Several motions for orders of contempt and notices of hearings were filed between 1983 and March 8, 1989, when the last motion and notice were filed. Only the last were finally served upon the former husband on March 15, 1989, when the child support arrearage had reached $20,020.
The court found the former husband to be in arrears and found him to be in civil contempt for failure to pay. The court also ordered him to “stay current on his present child support at a rate of $150 per month and, in addition, pay the sum of $30 per month towards arrearage until paid in full, plus $5 clerk’s fee, for a total of $185 per month commencing April 5, 1989.” In summary, the trial court reduced the child support from $303.33 per month to $150 per month, allowed the former husband to pay monthly instead of weekly, and allowed the former husband a period of over 55 years to pay that which he should have paid over the previous five and one-half years. The former wife was understandably upset by the results of the hearing at which the sole motion to be considered was her motion for contempt.
In Cortina v. Cortina, 98 So.2d 334 (Fla. 1957), the trial court amended a final judgment by revoking that portion requiring payment of support. The amendment took place, sua sponte, at a hearing scheduled only for the issue of determining whether the former wife was in contempt for refusing to allow reasonable visitation. The supreme court held:
It is fundamental that a judgment upon a matter entirely outside of the issues made by the pleadings cannot stand and where, as here, an issue was not presented by the pleadings nor litigated by the parties during the hearing on the pleadings as made, a decree adjudicating such issue is, at least, voidable on appeal.
Id. at 337. This fundamental rule was followed in Steinberg v. Adrabi, 493 So.2d *1382 546 (Fla. 3d DCA 1986), when the trial court suspended child support payments during a hearing on a motion for contempt. The Third District held that in the absence of a pleading requesting modification of the former husband’s obligation to pay child support, the trial court was without power to order such modification.
The record before us reveals no request for modification of the child support by anyone. The bulk of the record indicates repeated motions to enforce payment of child support originally ordered by an Indiana court on March 1,1983. We vacate that portion of the order modifying the manner of payment of the child support and arrearages, and, since the trial court found the former husband in contempt for failure to make any support payments, we REMAND this matter for imposition of appropriate sanctions.
REVERSED and REMANDED.
SHARP and HARRIS, JJ., concur.