569 So.2d 815 (1990)
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Etc., Appellant,
v.
Paul PORBANSKY, Appellee.
No. 89-1676.
District Court of Appeal of Florida, Fifth District.
October 25, 1990.
*816 Harold E. Barker of Carlton & Carlton, P.A., Lakeland, for appellant.
No Appearance for appellee.

ON MOTION FOR REHEARING
PETERSON, Judge.
The Department of Health and Rehabilitative Services (H.R.S.), on behalf of Ellen Juno, formerly Ellen Margaret Porbansky, filed its motion for rehearing before this court after we affirmed by per curiam decision the April 7, 1989, order of contempt of the trial court. We grant the motion for rehearing and withdraw our prior affirmance without opinion and substitute therefor the following opinion. In addition to holding the respondent, Paul Porbansky, in indirect contempt of court for willfully failing to pay child support, the trial court ordered him to "stay current on child support in the amount of $175.00 per month which shall begin [with] his next regular child support payment due date...." We affirm the portion of the trial court's order of April 7, 1989, adjudging Porbansky in contempt, but reverse that portion of the trial court's order of April 7, 1989, that reduced the child support to $175 per month from the $162.50 per week ordered to be paid in an earlier IV-D order of support issued by a Hernando County Circuit Court of Florida on October 25, 1988.
In Department of Health and Rehabilitative Services v. Ward, 560 So.2d 1381 (Fla. 5th DCA 1990), which was also a URESA action, we vacated the portion of an order that modified the manner of payment of child support. There are several similarities between Ward and the instant case. In both cases, H.R.S. asked only for enforcement of the support obligations and for the court to adjudge the former husbands in contempt of court. In neither *817 case did the former husband, against whom contempt was sought, contest the appeal. In both cases, the out-of-state former wife was simply trying to obtain a contempt judgment against her former husband and to collect support arrearages which, as they accrued, became capable of being entered as judgments against the husband. §§ 61.14(3), 88.081, Fla. Stat. (1987). In both cases, neither party requested modification of the obligation arising under the previous IV-D order of support.
This court has held repeatedly that a trial court may not "modify a support order ... unless the court's subject matter jurisdiction has been properly invoked by appropriate pleadings and that invoked jurisdiction has been perfected by the proper service of process and due process notice and an opportunity to be heard on that issue has been had." Schnicke v. Schnicke, 533 So.2d 337 (Fla. 5th DCA 1988); In Interest of D.F.W., 497 So.2d 925 (Fla. 5th DCA 1986); see also Ward, supra. This rule does not change just because the enforcement proceeding is brought under Chapter 88 rather than Chapter 61. See §§ 61.14, 61.17, 88.041, Fla. Stat. (1987). When a payee spouse acts under URESA to enforce collection of support arrearages and no proper request for modification is made by either party, the payee spouse should not be confronted with a new order decreasing the amount of current support. Similarly, a payor spouse should not be confronted with a new order increasing the current support payment obligation where no indication is given by pleadings or other appropriate advance notice that the issue of modification of the support obligation would be heard.
In Department of Health and Rehabilitative Services v. Ciferni, 429 So.2d 92 (Fla. 2d DCA 1983), the court affirmed the reduction of the child support in a URESA action from the amount required in an original divorce decree against contentions by H.R.S. that the support should not have been reduced in the absence of a petition for modification as required in an ordinary post-dissolution proceeding. In Ciferni, however, the mother was seeking both current support and arrearages. The issue of current support, which we interpret to mean prospective support, was, therefore, an issue before the court that had been noticed before the hearing by the mother. In the instant case as in Ward, the proceeding was noticed simply as a hearing on a motion for an order of contempt in which an income deduction order would be sought to enforce payment of accrued arrearages. Also, in Ciferni the court pointed out that the H.R.S. could hardly claim surprise as to the issue of reducing child support since the father's lawyer had requested discovery of the wife's current financial condition. We do not need to decide whether we agree with the Second District that such a discovery request constitutes proper notice of an application for modification because in the instant case nothing in the record provided any hint that modification would be at issue.
Since there was no notice that the issue of modification would be before the court, paragraph three of the order, which reduced the child support obligation to $175 per month, is reversed. The order is otherwise affirmed, including the portion of the order adjudging husband in contempt.
AFFIRMED in part; REVERSED in part.
W. SHARP and HARRIS, JJ., concur.