DAVIS, Judge.
Sasser Funeral Home, Inc. has appealed a non-final order granting in part and denying in part a temporary injunction. We reverse.
Charles and Barbara McClellan were part owners of the Morgan-McClellan Funeral Home in Quincy, Florida, for many years. In September 1989, the McClellans and the Morgans sold a 100% interest in the Morgan-McClellan Funeral Home to Guardian Chapels, Inc., a subsidiary of Service Corporation International (SCI). Included in the terms of that sale were five-year management contracts with both Charles McClellan and H.E. Morgan, Jr.; and ten-year agreements by all the sellers not to compete. The terms of the non-competition agreement require the McClellans not to participate in a competing business “within 25 miles of the city limits of Quincy, Florida.”
In January, 1992, Sasser, a competing Quincy funeral home operator, purchased the Morgan-McClellan funeral home, the goodwill, the tradename, the non-competition agreements and the management contract of Morgan, but not the contract of McClellan. In order to finalize the sale to Sasser, SCI, Florida, Inc., negotiated a cash settlement of the five-year management contract with McClellan.
McClellan has opened a new funeral home in Bristol, Florida. The new McClellan Funeral Home is less than 25 miles from the edge of the city limits of Quincy which is closest to Bristol as the crow flies, but more than 25 miles away from that point as one would drive along the existing roads. Notwithstanding the debate at the hearing on motion for temporary injunction over whether the contract should be interpreted as requiring the measurement of the twenty-five mile distance by road or by air, and from what point, the trial judge expressly found that the term “within 25 miles of the city limits of Quincy, Florida” was not ambiguous. The court interpreted the contract as a matter of law as requiring measurement along the existing roads which would be used by potential customers. We find that the contractual provision prohibiting competition “within 25 miles of the city limits of Quincy” is ambiguous. Since the trial court excluded parol evidence regarding the intent of the parties based upon its erroneous conclusion that this term was not ambiguous, we reverse and remand for a hearing on the intent of the parties to the contract regarding the meaning of this term.
Finally, appellant also urges this court to reverse the trial court’s denial of a temporary injunction against the use of the name McClellan. The trial court did not rule on this question. There are no grounds for an appeal without a ruling. See Fineman v. Greenberg, 575 So.2d 1310, 1311 (Fla. 3d DCA 1991).
REVERSED and REMANDED.
ZEHMER, C.J., and SHIVERS, Senior Judge, concur.