PER CURIAM.
The appellants challenge an order in which the court retroactively reduced the appellee’s child support obligation. This order was entered despite the appellants’ assertion that they desired the opportunity to present further evidence and that the court was exceeding the announced scope of the hearing. Because the hearing was held upon motion and notice addressed to the appellee’s contempt of court for failing to comply with the exist *1321 ing support obligation, the court should not have effected a modification of the support obligation in this proceeding. See Department of Health and Rehabilitative Services v. Porbansky, 569 So.2d 815 (Fla. 5th DCA 1990); Department of Health and Rehabilitative Services v. Nolden, 556 So.2d 1176 (Fla. 5th DCA 1990); Sentz v. Sentz, 548 So.2d 297 (Fla. 4th DCA 1989). The challenged order is therefore reversed, and the cause remanded.
ERVIN, BOOTH and ALLEN, JJ., concur.