632 So.2d 693 (1994)
Karen GEIGER and State of Florida, Department of Health and Rehabilitative Services, Appellants,
v.
Troy L. GEIGER, Appellee.
Nos. 93-1470, 93-2454.
District Court of Appeal of Florida, First District.
March 1, 1994.
Joseph R. Boyd and William H. Branch, Boyd & Branch, Tallahassee, for appellant Karen Geiger.
Chriss Walker, Tallahassee, for appellant Department of Health and Rehabilitative Services.
Sandra S. Hood, Munroe & Hood, P.A., Tallahassee, for appellee.
PER CURIAM.
Appellants Karen Geiger and the Department of Health and Rehabilitative Services appeal two orders of the trial court, one pertaining to child support and the other *694 seeking to cancel an intercept of the federal tax return of appellee Troy L. Geiger. We reverse as to both orders.
Appellant Karen Geiger, along with appellant HRS, filed a petition for child support pursuant to Section 61.09, Florida Statutes. This petition resulted in an order issued by Judge N. Sanders Sauls and dated April 11, 1991, whereby appellee was ordered to pay $285.00 per month,[1] commencing May 1, 1991.
On March 4, 1991, the wife filed a petition for dissolution of marriage also requesting child support. The petition for dissolution culminated in judgment of dissolution issued July 8, 1991, by Judge L. Ralph Smith, Jr. The judgment of dissolution incorporated a marital settlement agreement whereby the parties agreed, inter alia, to the following:
The husband agreed to pay to the wife child support of $325.00 per month commencing March 1, 1991.
* * * * * *
The husband agreed to pay to the wife $1,600.00 "as reflective as the arrearage amount in child support pursuant to the order entered by Leon County Circuit Judge Sanders Sauls on April 11, 1991." This amount shall be paid in monthly installments which shall temporarily increase the order of child support payment pursuant to the final judgment by making monthly payments of $40.00 per month in addition to the child support obligation.
The Chapter 61 action for child support and the dissolution proceeding were consolidated by order of April 29, 1992, and assigned to Judge Reynolds. Prior to the consolidation order, husband filed a petition for an accounting. Husband's petition alleged that the arrearage of $1,600.00 was incorrectly computed. Husband alleged that under the order of Judge Sauls, an arrearage of only $840.00 had accrued.[2] Husband further alleged that even if the arrearages from both orders had been added together the total arrearage would amount to $1,625.00.[3] Husband also claimed that since the entry of the judgment of dissolution he had paid $365.00 per month to the wife ($325 plus arrearage of $40).
After hearing, Judge Hall issued an order dated August 20, 1992, interpreting the judgment of dissolution and marital settlement agreement. Judge Hall noted that the parties agreed to an arrearage of $1,600.00 and husband agreed to pay $325.00 per month commencing March 1, 1991. Judge Hall found that the Husband made no payments from March 1, 1991 through July 31, 1991, and therefore owed an additional arrearage of $1,625.00. The judge found that payment for February 1992 was insufficient and resulted in an additional arrearage of $230.77. Thus, husband had a total arrearage of $3,455.77.[4] The trial judge further found that husband had reduced the arrearage by 13 monthly payments of $40.00 ($520.00), and should be credited with $840.00 which the Department of HRS intercepted from his federal tax refund (total credits of $1,360). Thus, husband was found to have an arrearage of $2,095.77.
Husband filed a motion for relief from the August 20, 1992 judgment. Husband argued that the August 20 order incorrectly calculated an arrearage twice for the same time period, overcharging husband by $1,625.00. Thus, husband claimed an arrearage of only $470.77. After a hearing which was not recorded, the trial court issued an order dated April 8, 1993.
Judge Hall characterized the April 8, 1993 order as a "construction" of the two child support orders rather than a "modification." The trial court found that husband was obligated to pay child support of $280.00 per month (plus clerk's fees), beginning March 1, 1991. Accordingly, the trial court completely recalculated all payments due and credits paid from March 1, 1991 through the date of the order. On this basis, husband's total child support obligation came to $7,280.00. *695 The total of husband's child support payments came to $7,875.78. Thus, husband was actually given a credit of $595.78. On June 17, 1993, the trial court issued an order directing the Department of HRS to use its best efforts to cancel an intercept of husband's 1992 federal tax return and to refund the intercepted monies to husband.
On appeal, Karen Geiger argues that the April 8, 1993, order constitutes an impermissible "modification" of child support absent the requisite showing of a substantial change in circumstances. Appellee responds by arguing that the former wife failed to argue at the trial level that a modification of child support was impermissible and therefore has failed to preserve the issue for appellate review. Moreover, appellee argues, the trial court merely interpreted the two child support orders, resolving ambiguities in the orders which awarded different amounts of child support for overlapping periods of time.
In our view, there is a very good reason why Judge Hall's order of August 20, 1992, found husband liable for an arrearage of $1,600.00 plus child support payments of $325.00 per month commencing March 1, 1991, despite the fact that such monthly payments overlap with the time period during which the arrearage accumulated. The reason is that the marital settlement agreement approved by both parties provides for both payments. We find the marital settlement agreement to be clear and unequivocal in this regard. The settlement agreement provides for monthly payments of $325.00 commencing March 1, 1991. In a separate paragraph, the husband further agreed to pay $1,600.00 as reflective of the arrearage pursuant to the order of Judge Sauls entered April 11, 1991. Per settlement agreement, the arrearage was to be paid at the rate of $40.00 per month, such payment to "temporarily increase the order of child support payment pursuant to the final judgment." Having entered into the unambiguous agreement, husband should be bound by it, even if the agreement calls for duplicate awards of child support for several months. Because we find the settlement agreement to be unambiguous, we reject the trial court's assertion that the April 8, 1993, order represents a "construction" rather than a "modification" of the prior orders.
Ordinarily the interpretation of a written contract is a matter of law to be determined by the court. DEC Electric, Inc., v. Raphael Construction Corp., 558 So.2d 427 (Fla. 1990) (citing Peacock Constr. Co. v. Modern Air Conditioning, Inc., 353 So.2d 840, 842 (Fla. 1977)). As such, an appellate court is on equal footing with the trial judge as an interpreter of the contract since that interpretation is based solely on the written document. Florida Mining & Materials Corp. v. Standard Gypsum Corp., 550 So.2d 47 (Fla. 2d DCA 1989) (citing Dalton v. Dalton, 304 So.2d 511 (Fla. 4th DCA 1974) (finding interpretation of marriage settlement agreement providing for child support until children "coming of age" and attaining majority a question of law not subject to presumption of correctness).[5] The instant case is analogous to the rule stated in DePoorter v. DePoorter, 509 So.2d 1141 (Fla. 1st DCA 1987):
[W]hen the amount of alimony is determined by a property settlement agreement entered into by the parties and approved by the trial court, the alimony provision will be interpreted in accordance with contract principles.
Id. at 1144.
Finding that the trial court departed from the clear and unambiguous language of the settlement agreement, we would reinstate the prior order of August 20, 1992.
We reject appellee's argument that this issue has not been preserved for appellate review. Appellant correctly points out that appellee never moved for a modification of his child support obligation. The only objection raised by husband concerned the possible double billing of child support for several months and a challenge to the resulting arrearage. Since husband did not move *696 for a modification, wife had a right to expect that no ruling on modification would be rendered. It has been held that a ruling on modification constitutes a jurisdictional defect where no pleading requested such modification. Leibowitz v. Leibowitz, 611 So.2d 629 (Fla. 4th DCA 1993) (citing Sentz v. Sentz, 548 So.2d 297 (Fla. 4th DCA 1989) (finding modification of child support exceeded scope of contempt proceeding and constituted deprivation of due process)); see also Anthony and State, Dept. of HRS v. Snell, 630 So.2d 606 (Fla. 1st DCA 1993) (modification of child support reversed as beyond the scope of contempt proceedings and parties not noticed that modification would be at issue). The more difficult question presented is whether appellant waived any due process violation by failing to move for rehearing or relief from judgment once the order of modification was rendered. Nonetheless, the failure to raise the subject of modification by appropriate pleading has been deemed a failure to properly invoke the subject matter jurisdiction of the trial court. Dept. of Health and Rehabilitative Services v. Porbansky, 569 So.2d 815, 817 (Fla. 5th DCA 1990); Dept. of Health and Rehabilitative Services v. Nolden, 556 So.2d 1176 (Fla. 5th DCA 1990). It follows that the propriety of an order modifying child support without proper pleading, notice and opportunity to be heard may be raised for the first time on appeal.
In light of the above analysis, it follows that the trial court also erred in ordering the Department of HRS to use its best efforts to cancel an intercept of appellee's 1992 federal tax return.
REVERSED and REMANDED for entry of orders consistent with this opinion.
MINER, WEBSTER and LAWRENCE, JJ., concur.
NOTES
[1] $280.00 per month child support plus $5.00 per month clerk's fee.
[2] Apparently calculated as 3 months (May, June, July) X $280.00 = $840.00.
[3] Apparently calculated as 5 months (March-July) X $325.00 per month = $1,625.00.
[4] $1,600.00 + $1,625.00 + 230.77 = $3,455.77.
[5] Cf. Sasser Funeral Home, Inc. v. McClellan, 627 So.2d 1304 (Fla. 1st DCA 1993) (finding contract ambiguous and therefore reversing and remanding for hearing on intent of the parties in construction of contract); Grand Bay Hotel v. Guerra, 605 So.2d 134, 137 (Fla. 1st DCA 1992) (where terms of a written agreement are ambiguous, question of fact presented to fact finder).