690 So.2d 601 (1996)
David J. WILLIAMS, Sr., Appellant,
v.
Susan C. WILLIAMS, Appellee.
No. 95-4669.
District Court of Appeal of Florida, First District.
September 11, 1996.
Claire A. Duchemin of Claire A. Duchemin, P.A., Tallahassee, for Appellant.
Paula L. Walborsky, Tallahassee, for Appellee.
JOANOS, Judge.
Appellant, the former husband in this domestic relations case, appeals an order of the trial court granting the former wife's motion for enforcement of the property settlement agreement entered into between the parties and incorporated by the trial court in the 1991 final judgment of dissolution of marriage. The former husband challenges the child support arrearages awarded to the former wife, and the provisions of the order requiring the former husband to pay the former wife's attorney's fees, to obtain alcohol abuse counseling, and to attend parenting classes. We affirm in part and reverse in part.
In the final judgment dissolving the parties' marriage, the trial court approved and adopted the terms and conditions of the property settlement agreement executed by the parties on February 26, 1991. This appeal involves the following child support provisions set forth in that agreement:
11. The Father shall pay to the Mother as child support for his minor sons the sum of $1,200.00 per month ($400.00 per child per month) commencing March 1, 1991, and continuing each and every month thereafter until the minor sons marry, become self-sufficient or attain the age of majority.
The Parties each recognize that this child support of $1,200.00 per month ($400.00 per child per month) appears to be in excess of the recommended child support guidelines set forth in Chapter 61, Florida Statutes. This enhanced amount of child support has been agreed to between the Parties in consideration of and the relinquishment by the Wife of her *602 claim for permanent alimony, and shall not be subject to termination or decrease.
The Father's child support obligation to the Mother shall increase in proportion to the increase of annual salary and/or other income of the Father. The Father shall provide copies of his annual earnings statements to the Mother no later than April 15 of each year to confirm his current earnings.
Said child support payments shall be made directly to the Wife by income deduction from the Father's salary with the Leon County School Board.
On September 1, 1994, the former wife filed a complaint for enforcement and modification of the child support provisions of the parties' settlement agreement. Among other things, the former wife alleged the former husband unilaterally reduced the amount of the monthly child support payment from $1,200.00 per month to $800.00 per month, refused to provide the former wife with copies of his annual earnings statements as required by the agreement, and refused to increase monthly child support in proportion to the amount of increase in the former husband's annual salary or other income. The former husband answered the allegations of the complaint, admitting the $400.00 deduction in child support based upon the portion of the agreement which indicates child support is to be paid until the parties' sons attain their majority. The former husband further alleged the parties' eldest son attained majority in May 1994.
In November 1994, pursuant to the former wife's emergency motion for contempt, the trial court issued an order which, among other things, interpreted paragraph eleven of the parties' property settlement agreement "to mean that as each son achieves the age of majority, marries, or becomes self-sufficient, the monthly child support payments shall be decreased by $400.00 per child." The trial court approved the $400.00 monthly reduction in child support, without prejudice to the former wife to seek other relief available under the terms of the property settlement agreement. The former wife's appeal of the trial court's ruling was affirmed by this court on August 7, 1995, in a per curiam decision without written opinion. Williams v. Williams, 659 So.2d 277 (Fla. 1st DCA 1995).
At a subsequent hearing to determine the issue of child support increases and arrearages, the former husband's counsel contended the wife's mathematical calculations of the child support arrearages were inaccurate, and the child support should be reduced by one-third, rather than $400.00, from the date the parties' eldest son attained majority. Counsel maintained that since the parties' agreement provides for increases in child support in proportion to the former husband's income increases, the reduction in child support when the parties' eldest son reached eighteen years of age should include a reduction in the increases.[1] In addition, the former husband's counsel argued that income from a lawn service business begun by the husband in 1991, should be included as though a part of the former husband's income in each year from 1992 through 1995,[2] and the former wife was not entitled to an award of attorney's fees and costs. Counsel for the former wife argued that the $400.00 monthly child support reduction as each child attains majority became the law of the case in 1995, when this court affirmed the trial court's order establishing $400.00 per month as the amount by which child support shall decrease.
Turning to the issues presented for review, we reverse point one dealing with calculation of child support increases and arrearages, *603 insofar as it pertains to the proportionality argument. Under the provisions of the parties' agreement, the calculation of increases in child support should be based on the proportion of the former husband's annual income allocated to child support in 1991 when the final judgment of dissolution of marriage was entered.[3] In keeping with the parties' agreement that the former husband's child support obligation "shall increase in proportion to the increase of annual salary and/or other income" of the former husband, support for each child should continue to represent 13.18 percent of the former husband's gross annual income for each succeeding year that child support is obligatory. We reject the former husband's assertion that the lawn service income should be included in the income calculation from 1992 forward, and affirm the trial court's decision to include this income in the 1994 and 1995 calculations.
As to point two, we find no abuse of discretion in the trial court's award of attorney's fees and costs to the former wife, and affirm this ruling in all respects. Pitts v. Pitts, 626 So.2d 278, 282 (Fla. 1st DCA 1993); Stagaman v. Fontenot, 532 So.2d 44, 45 (Fla. 1st DCA 1988).
As to point three, we must reverse the provision of the order requiring the former husband to obtain alcohol abuse counseling and to attend parenting classes. It is improper to enter an order which exceeds the scope of relief sought by the pleadings, absent notice which affords the opposing party an opportunity to be heard with respect to the proposed relief. State, Department of Health and Rehabilitative Services v. Colonel, 627 So.2d 1320, 1321 (Fla. 1st DCA 1993), cause dismissed, 642 So.2d 746 (Fla. 1994); Jackson v. Powell, 546 So.2d 1145, 1146 (Fla. 3d DCA 1989).
The record in this case reflects that neither the pretrial statement nor the wife's pleadings sought the relief awarded by the trial court in paragraph thirteen of the appealed order. While we recognize the concern reflected by the directive set forth in paragraph thirteen of the trial court's order, the record is clear that the former husband was not afforded notice that such a provision was contemplated. Therefore, he was unable to oppose the relief ordered by the trial court in any meaningful way. In the circumstances, the directive contained in paragraph thirteen of the order constitutes an abuse of discretion and must be reversed.
Accordingly, we reverse the provisions of the appealed order which deal with calculation of child support increases and arrearages, and remand with directions to calculate child support increases, arrearages, and decreases on the basis of the percentage of the former husband's gross annual income which was allocated to child support in 1991, when the final judgment incorporating the parties' property settlement agreement was entered. Further, we reverse that portion of the appealed order which directs the former husband to attend parenting classes and to seek alcohol abuse counseling. In all other respects, the appealed order is affirmed.
WOLF and VAN NORTWICK, JJ., concur.
NOTES
[1] The former husband's proportionality argument was advanced for purposes of calculating child support arrearages and future child support increases. It is undisputed that the former husband did not pay child support increases in proportion to the increases in his income, prior to institution of the former wife's complaint for enforcement of the settlement agreement.
[2] Evidence presented at the hearing established that the former husband began the lawn service in 1991, and earned income from the service during each year of its operation. However, the former husband did not report the income until 1994. The former wife's counsel included the lawn service income in 1995, as one factor in the calculation of the former husband's income increases, for purposes of the child support escalation provision in the settlement agreement. The former husband argued that failing to include the lawn service income from 1992 forward resulted in an artificial increase in the percentage of income increase in 1995.
[3] In 1991, the former husband's annual gross income was $36,421.48. The child support payments of $400.00 per month per child equated to an allocation of 13.18 percent of the former husband's annual gross income to each of the parties' three children, all of whom were minors at that time.