737 So.2d 631 (1999)
Sandra Lee ZERN, Appellant,
v.
Richard Allen ZERN, Appellee.
No. 98-4803.
District Court of Appeal of Florida, First District.
July 29, 1999.
*632 E. Jane Brehany, Pensacola, for Appellant.
Karen Lessard, Pensacola, for Appellee.
WEBSTER, J.
Appellant (the former wife) seeks review of an order denying her motion to enforce by contempt an obligation on the part of appellee (the former husband) to continue making payments to the Florida Prepaid College Program for the benefit of the parties' two minor children. Although the former husband never questioned the former wife's characterization of his obligation as an incident of child support, the trial court held "that the obligation to fund and maintain the pre-paid college plan is a contractual obligation not enforceable by contempt powers of the Court." The former wife argues that the trial court's ruling is erroneous as a matter of law, because it is clear from the unambiguous language of their marital settlement agreement that the parties intended that the obligation be a part of the former husband's child support obligation. We agree and, accordingly, reverse.
The parties were divorced in 1994. A marital settlement agreement was expressly "approved, ratified and incorporated" by the trial court into the final judgment of dissolution. The marital settlement agreement was divided into several subdivisions. That titled "CHILD SUPPORT" included five paragraphs. The first paragraph provided that the former husband would "pay to the [former wife], for the maintenance and care of the minor children, the sum of $1,000 per month." The second paragraph provided that the former husband would "continue to be responsible for maintaining Medical and Dental insurance for the benefit of the minor children." The third paragraph provided that the former husband would "maintain a life insurance policy with the death benefit of $100,000 ... until the younger child reache[d] the age of majority." The fourth paragraph (which is the provision in question) provided that the former husband would "continue to maintain the college pre-payment program for the minor children." The fifth and final paragraph provided that the former wife would be "entitled to claim the minor children as dependents for income tax purposes."
In 1998, the former wife filed a motion for contempt, in which she alleged that, notwithstanding the provision of the marital settlement agreement obligating him to "continue to maintain the college pre-payment program for the minor children," the former husband had "cashed in the children's college pre-paid programs." She alleged, further, that she had requested that the former husband "reinstate or reinvest the money in the Florida Pre-paid College Program on numerous occasions," but that he "ha[d] refused." Accordingly, she requested that the trial court use its power of contempt to enforce compliance with that provision. In his response, the former husband did not object to the characterization of his obligation as an incident of child support. Instead, he contended that he should not be held in contempt because "his failure to pay child support was caused by a substantial, permanent, involuntary, and material changes [sic] in circumstances which left him unable to pay either now or in the future the college tuition plan." The question of whether the *633 former husband's obligation was in the nature of child support and, therefore, enforceable by contempt, was raised by the trial court, on its own motion, at the hearing. Notwithstanding the former wife's continued argument that it was, in its order denying her motion, the trial court held, apparently as a matter of law, "that the obligation to fund and maintain the pre-paid college plan is a contractual obligation not enforceable by contempt powers of the Court." The trial court provided no explanation to assist either the parties or this court in determining how it reached that conclusion.
Florida's statutory child support guidelines are designed to permit the determination of a minimum necessary amount of child support in any given case. Hardy v. Hardy, 659 So.2d 1246, 1247 (Fla. 1st DCA 1995). However, "the determination of `need' in awarding child support takes into account more than just the basic necessities of survival." Miller v. Schou, 616 So.2d 436, 438 (Fla.1993). Clearly, "a parent may agree to a child-support obligation that exceeds the duty imposed by law." Dowie v. Dowie, 668 So.2d 290, 292 (Fla. 1st DCA 1996).
Marital settlement agreements are subject to the same rules of construction as is any other contract. Bingemann v. Bingemann, 551 So.2d 1228, 1231 (Fla. 1st DCA 1989). As with contracts generally, their construction is a question of law. Ballantyne v. Ballantyne, 666 So.2d 957, 958 (Fla. 1st DCA 1996). We are as well-situated to construe the parties' agreement as was the trial court. Geiger v. Geiger, 632 So.2d 693, 695 (Fla. 1st DCA 1994). We find no ambiguity in the provision by which the former husband agreed to "continue to maintain the college pre-payment program for the minor children." Accordingly, we fail to see why the provision should not be enforced according to its clear intent that the former husband's obligation be treated as a part of his obligation to pay child support. As such, contempt is an available enforcement tool. The trial court's conclusion to the contrary is erroneous as a matter of law. We reverse and remand for further proceedings consistent with this opinion.
REVERSED and REMANDED, with directions.
KAHN and VAN NORTWICK, JJ. CONCUR.