760 So.2d 981 (2000)
Samuel SHAW, Appellant,
v.
Elizabeth SHAW, Appellee.
No. 4D00-0195.
District Court of Appeal of Florida, Fourth District.
May 31, 2000.
Rehearing Denied June 28, 2000.
Diane H. Tutt and Sharon C. Degnan of Diane H. Tutt, P.A., Plantation, for appellant.
Abbe Cohn of Abbe Cohn, P.A., Fort Lauderdale, and Nancy W. Gregoire of Bunnell, Woulfe, Kirschbaum, Keller, Cohen & McIntyre, P.A., Fort Lauderdale, for appellee.
KLEIN, J.
Appellant father raises a number of issues involving the trial court's resolution of custody and visitation of the parties' child. We affirm the order in all respects.
The trial court concluded that shared parental responsibility would be "detrimental to the minor child and not in her best interest at this time." The court accordingly awarded the mother temporary sole parental responsibility, ordered the father to attend a thirty-six week parenting course, and agreed to have a status conference after the father completed the course to revisit shared parental responsibility.
The trial court found that from the period when the mother filed the petition for dissolution of marriage, in April 1997, until the trial of this case almost two and one-half years later, the father had exercised visitation with his child only four times. The court further found that the mother would frequently attempt to schedule visitation but that the father would refuse it or sabotage it when it occurred. The *982 court specifically found the mother to be credible and the father to be not credible.
One of the issues the father raises on appeal is that the court erred in ordering him to attend a parenting course because the mother had not requested that relief. He relies on Williams v. Williams, 690 So.2d 601, 603 (Fla. 1st DCA 1996), in which the court stated:
As to point three, we must reverse the provision of the order requiring the former husband to obtain alcohol abuse counseling and to attend parenting classes. It is improper to enter an order which exceeds the scope of relief sought by the pleadings, absent notice which affords the opposing party an opportunity to be heard with respect to the proposed relief.
We do not agree with Williams to the extent that it requires that attendance at parenting classes must be plead. Section 61.13(4)(c) authorizes a court to "order the custodial parent to attend the parenting course approved by the judicial circuit." Although this father is not a custodial parent at this time, we see no reason why the court could not have required the father to attend a parenting class, as a condition to the court's reconsideration of custody. Nor do we agree with the father that the trial court erred in granting sole parental responsibility to the mother until he completes the parenting course. There was ample evidence to support both requiring the father to attend the parenting course and granting sole parental responsibility for now.
The father also complains that the trial court gave the mother complete control over his visitation. Although that may generally be error, Letourneau v. Letourneau, 564 So.2d 270 (Fla. 4th DCA 1990), it was not improper under the specific facts in this case. The trial court found that the mother had at all times been attempting to maintain a relationship between the father and his child and had gone above and beyond the call of duty. Vesting her with control under those circumstances, which was only temporary until the father completed the parenting course, was not an abuse of discretion. Once the father completes the parenting course, the visitation must then be set by the court.
We have considered the other issues raised by the father and find them to be without merit. Affirmed.
STEVENSON and HAZOURI, JJ., concur.