NORTHCUTT, Judge.
The circuit court found Florida Recycling Services liable to Petersen Industries for breach of contract and entered a final judgment for damages in Petersen’s favor. On appeal, Florida Recycling challenges the finding of liability. We find no error in that decision and affirm it without further discussion. On cross-appeal, Petersen contends that its award was inadequate because it did not include certain incidental damages. We agree and reverse.
Florida Recycling contracted with Petersen to purchase a “Lightning Loader,” a truck-borne device used to pick up and transport large items. The contract price was $35,000, which included the cost of manufacturing the loader, the costs of modifying the loader and Florida Recycling’s truck so that they would work together, and Petersen’s profit. Petersen installed the loader on Florida Recycling’s truck, but Florida Recycling refused to take delivery. Sometime after Florida Recycling breached the contract, Petersen removed the loader from Florida Recycling’s truck and sold it to another purchaser.
Petersen sought damages for $7873.65 in lost profits pursuant to the Uniform Commercial Code, section 672.708(2), Florida Statutes (1999). Also, as provided in section 672.710, Petersen claimed $10,180.35 in incidental damages for the costs of modifying the loader and Florida Recycling’s truck. The balance of the purchase price was the cost of manufacturing the loader, which Petersen did not seek because it was compensated for that expense in the resale. The circuit court awarded Petersen its lost profits,[1] plus interest and litigation costs, but it refused to award the modification costs because they were “included in the purchase price and, presumably; the costs of remodifying the loader for resale was included in that purchase price.” Petersen established at the trial that it incurs modification costs with every sale. When Petersen resold the loader, it had to modify the loader a second time and it had to modify the new purchaser’s truck. The new purchaser compensated Petersen for *1116 those modifications, but it did not reimburse Petersen for the modifications it performed pursuant to its earlier contract with Florida Recycling.
A seller is entitled to the full measure of its damages from a breaching buyer. Vagabond Container, Inc. v. City of Miami Beach, 356 So.2d 1266, 1267 (Fla. 3d DCA 1978). This includes lost profits under section 672.708(2) and incidental damages under section 672.710. Section 672.710 defines incidental damages as including “any commercially reasonable charges, expenses or commissions ... resulting from the breach.” The comment to section 672.710 states that its purpose is “[t]o authorize reimbursement of the seller for expenses reasonably incurred by him as a result of the buyer’s breach.” No one disputes that Petersen reasonably incurred the modification expenses. If Florida Recycling had completed the purchase, Petersen would have been reimbursed these costs through payment of the purchase price. Instead, Florida Recycling’s breach left Petersen with a loader that had been modified specifically for Florida Recycling’s purposes and that had to be modified again before it was resold. In order to recover the full measure of its damages, Petersen must be awarded these incidental expenses.
We reverse the damages portion of the judgment and remand with instructions to award Petersen both its lost profits of $7873.65 and its incidental damages of $10,180.35, plus interest and litigation costs.
Appeal affirmed; cross-appeal reversed and remanded.
SALCINES and STRINGER, JJ., concur.

. Florida Recycling does not challenge the award of lost profits on appeal. Whether a seller should be entitled to recover its lost profits from a breaching buyer even though the seller has resold the goods is a controversial question. Compare Daniel W. Matthews, Should the Doctrine of Lost Volume Seller Be Retained? A Response to Professor Breen, 51 U. Miami L.Rev. 1195 (July 1997), with John M. Breen, The Lost Volume Seller and Lost Profits Under U.C.C. s 2-708(2): A Conceptual and Linguistic Critique, 50 U. Miami L.Rev. 779 (July 1996).