MONACO, J.
This appeal, growing out of a post-judgment custody dispute, presents the question of whether relief in the form of man-datorily imposed anger management *1148 classes may be imposed on a non-custodial parent when that relief was not specifically requested by the opposing party. Because the requirement was imposed in a proceeding in which the entire issue of custody and visitation was considered, we conclude that it was appropriate for the trial court to impose this condition, and accordingly find no error.
The relationship between the appellant, Mark Moncher, and the appellee, Kris Maine, was initially adjudicated in 2000, by a mediated final judgment resolving the issues of paternity, primary residence and parental responsibility for J.M., a minor child that resulted from a relationship between the litigants. Ms. Maine was named the primary residential parent for J.M., while Mr. Moncher was designated as secondary residential parent, and was required to pay support for the child. The parties were to share parental responsibility, and the visitation allowed was liberal. This judicially sanctioned relationship seemed to work satisfactorily for about a year, after which it rapidly deteriorated. The parties engaged in what the trial judge described as “visitation skirmishes” over the course of the next three years,[1] culminating in the Modified Final Judgment and Summary of Case To Date, from which Mr. Moncher appeals.
The Modified Final Judgment, based on petitions to modify filed by both parents, substantially reduced the amount, quality and terms of visitation to be accorded to Mr. Moncher. The new judgment limited Mr. Moncher to short periods of supervised visitation, and required him to “successfully complete a certified twenty-six week anger management course” within a designated time frame, and then to file a certificate of successful completion of the course in the court file. Mr. Moncher was threatened with further restrictions on his visitation should he fail in this regard. The anger management requirement had not been requested by Ms. Maine in any pleading, and had never been noticed for hearing, although evidence of Mr. Moncher’s propensities towards uncontrolled anger were received in evidence at the evidentiary hearing that grew out of the petitions for modification. Mr. Moncher asserts that the trial court abused its discretion in ordering him to complete the anger management classes. We believe that under the circumstances, the trial judge did not abuse his discretion, and was authorized to order this remediation.
The issue facing us has been addressed on a number of occasions by the courts of Florida. In Williams v. Williams, 690 So.2d 601 (Fla. 1st DGA 1996), the case primarily relied on by Mr. Moncher, the trial court in a post-dissolution enforcement proceeding required the former husband to obtain alcohol abuse counseling and to attend parenting classes, neither of which were discussed in the pretrial statement filed in the case, nor requested in the former wife’s pleadings. In reversing, the First District Court of Appeal held that it was an abuse of discretion to render an order that exceeded the scope of relief sought by the pleadings, “absent notice which affords the opposing party an opportunity to be heard with respect to the proposed relief.” Id. at 603.
In Shaw v. Shaw, 760 So.2d 981 (Fla. 4th DCA 2000), however, the Fourth District Court of Appeal considered the subject in a somewhat different context. There, the trial court had for consideration the dissolution of the marriage between the parties, including all of the issues associated with the offspring of the marriage. In the course of its final order, the trial *1149 court required the non-custodial parent to attend a thirty-six week parenting course. The non-custodial parent appealed, saying that he had received no notice that this would be considered, because the requirement for the parenting course had not been pled by the opposing party. The district court rejected this contention and found no error in the order. In doing so, it expressed disagreement with Williams to the extent that Williams required the attendance at parenting classes to be pled.
Initially, the Florida Supreme Court granted review of Shaw, based on apparent conflict with Williams. The court later determined, however, that review was improvidently granted and dismissed. See Shaw v. Shaw, 816 So.2d 540 (Fla.2002). Justice Lewis dissented from the dismissal, and in the course of doing so, suggested the reason that no conflict was found between these two cases:
In Williams, the post-dissolution complaint addressed only the limited issue of child support arrearages. Because the scope of the hearing was so limited, due process required that the trial court address only those matters and issues for which the parties had proper notice and an opportunity to be heard.
Here, in contrast, the trial court entered its order in the context of a full and final dissolution hearing designed to resolve the broad matters of custody, parental responsibility, primary residence, and visitation. In this case the father had notice that the parties would be litigating the issue of parental responsibility ... and that matters related to the best interests of the child would be fully explored. Under these circumstances, the trial court had authority to impose a parenting course requirement on one or both parents as part of its broad, inherent authority to act in the best interests of the child involved.
Shaw, 816 So.2d at 542^3.
The distinctions articulated by Justice Lewis make sense. We do not believe, however, that the principles underlying the opinion should be applied in knee-jerk fashion. Whether the order rendered grows out of the dissolution itself, or a post-dissolution proceeding is important, but it is not fundamental. Instead, the breadth and context of the proceeding in which the unpled requirement is imposed must be considered.
Here, for example, it is true that this was not the initial opportunity for the trial court to consider the issues of custody and visitation. It was, however, an opportunity for the trial court to reconsider all of the factors that led to the original order on these subjects. In short, the post-judgment hearing provided the court with an occasion in which the “matters related to the best interests of the child would be fully explored.” Mr. Moncher unquestionably had notice that the parties would be relitigating the issue of parental responsibility. In fact, he actively sought relitigation of that subject. It seems to us that if the trial court could have imposed anger management as a condition of custody or visitation at the initial proceeding because to do so would be in the best interests of the child, then it could impose the condition at a reconsideration of the same matters that were dealt with at the initial proceeding.
There was ample evidence placed before the trial judge about Mr. Moncher’s “short fuse.” The court pointed out in the Modified Final Judgment, for example, that Mr. Moncher verbally abused Ms. Maine, the mother of his other child from an earlier *1150 relationship. There was also evidence that Mr. Moncher became “vitriolic” and made threats to persons who made findings, recommendations or statements with which he disagreed. The court also detailed other inappropriate behavior of Mr. Moncher evincing a disregard for the rights of others. Our conclusions might well be different if more limited relief had been sought by the parties. When, as here, the parties cast before the trial court a wide spectrum of custody and visitation issues, however, the parties are on notice that the trial court may consider ordering one or both of them to seek help in curbing undesirable or destructive behaviors, if to do so is in the best interests of the child, and if these behaviors are brought to light as a result of the court’s broad and general reconsideration of custody and visitation issues. Under such circumstances we hesitate to take any tools out of the trial court’s hands that might lead to improved relationships between the parties, and which are conceived to be in the best interests and safety of the child.
Thus, we find no error in the requirement for anger management imposed by the trial court on Mr. Moncher. We have considered the other issues raised by Mr. Moncher, but conclude that no error was committed.
AFFIRMED.
SHARP, W. and TORPY, JJ., concur.

. From 2001 to 2003 the parties filed ten motions concerning custody between them, that resulted in four hearings before the trial court.