905 So.2d 938 (2005)
Aileen CRUZ, n/k/a Aileen LaRossa, Appellant,
v.
Luis DOMENECH, Appellee.
No. 3D04-2373.
District Court of Appeal of Florida, Third District.
June 15, 2005.
*939 Andrew C. Barnard, Miami, for appellant.
Orshan, Lithman, Seiden, Ramos, Hatton & Huesmann and Robert D. Orshan and Ariana Fajardo, Miami Springs, for appellee.
Before LEVY, C.J., and RAMIREZ and ROTHENBERG, JJ.
ROTHENBERG, Judge.
Aileen Cruz, the mother, now known as Aileen LaRossa, appeals an order denying her motion to alter or amend final judgment or relief from judgment. She also appeals a finding of contempt by the trial court. We affirm the order denying the mother's motion to alter or amend final judgment or relief from judgment, but reverse the finding of contempt.
The parties are parents to a minor child who was the subject of a prior paternity action. In 2000, a final judgment of paternity was entered that incorporated a settlement agreement. The settlement agreement designated the mother as the primary residential parent and provided that the parents would share parental responsibility. However, the agreement provided that in the event of an impasse, the mother would have the ultimate decision-making authority. The parties negotiated another agreement in 2002, but did not have it ratified by the court. In June 2003, the father filed a petition for modification of custody, which he amended in September 2003. In the amended petition, the father asserted that instead of sharing parental responsibility, the mother had been making unilateral decisions detrimental to the child. He asserted that the mother unilaterally transferred the child in the middle of the school year to another school, and that she was neglectful of the child's medical needs by not dealing with his weight problem as recommended by the child's pediatrician. The father asked the court, among other remedies, to award him primary residential custody of the child. After a four-day evidentiary hearing, the trial court entered an order modifying the final judgment of paternity, which, in part, gave the father the ultimate decision-making authority in regard to the child's educational and medical needs.[1] The trial court also found the mother in contempt for unilaterally transferring the child to another school. The mother filed a motion to alter or amend a final judgment or relief from judgment, which the trial court denied. This appeal follows.
The mother argues that the trial court erred by granting the father ultimate authority over the child's medical and educational decisions because the father did not specifically request that relief in his amended petition for modification. We disagree.
*940 A trial court cannot modify a custody order unless its subject matter jurisdiction has been properly invoked by appropriate pleadings. Busch v. Busch, 762 So.2d 1010, 1011 (Fla. 2d DCA 2000). A trial court's determination that it has jurisdiction to grant particular relief is evaluated by the abuse of discretion standard. Munnerlyn v. Wingster, 825 So.2d 481, 482 (Fla. 5th DCA 2002) (finding that a trial court's determination of subject matter jurisdiction is subject to an abuse of discretion standard of review).
In determining whether its jurisdiction to grant a particular form of relief has been properly invoked by the pleadings, the trial court must be guided by whether the pleadings provided the parties with sufficient notice that matters related to such relief would be at issue, and by the breadth and context of the hearing which grows out of those pleadings. In Williams v. Williams, 690 So.2d 601, 603 (Fla. 1st DCA 1996), the First District Court of Appeal found that the trial court abused its discretion by ordering a father to obtain alcohol abuse counseling when the order exceeded the scope of relief sought by the pleadings, and the father lacked notice that such relief would be contemplated. See also McKeever v. McKeever, 792 So.2d 1234 (Fla. 4th DCA 2001) (concluding that it was error for the trial court to grant sole parental responsibility for the education of the parties' child to the father in the absence of prior notice to the mother that such relief would be at issue).
In Circle Finance Co. v. Peacock, 399 So.2d 81, 84 (Fla. 1st DCA 1981), the First District Court explained that the trial court "is required to look at the facts alleged, the issues and proof, and not the form of the prayer for relief to determine the nature of the relief which should be granted."
In applying the principles articulated in Circle Finance, we find the Fifth District Court of Appeal's recent decision in Moncher v. Maine, 892 So.2d 1147 (Fla. 5th DCA 2005), persuasive. In Moncher, the Fifth District concluded that in a post-judgment custody dispute, the trial court was authorized to require the father to take anger management classes, even though such relief was not specifically requested by the mother. The court explained that such relief was appropriate given the breadth and context of the evidentiary hearing that grew out of the petitions for modification, which included evidence of the father's anger problems. The court further noted that the father unquestionably had notice that the parties would be relitigating the issue of parental responsibility.
In the instant case, the father's amended petition for modification included the following allegations:
8. The Respondent has continuously made unilateral decisions on behalf of the minor child which have been detrimental to the minor child and in violation of the parties' shared parental responsibility.
9. On or about March 27, 2003, the Respondent unilaterally decided to remove the minor child from his school. This occurred approximately two (2) months prior to the end of the school year....
10. Respondent has been neglectful of the minor child's educational needs in that among other things the minor child missed fourteen (14) days of school as of March of 2003 (prior to his removal) and an additional five (5) days at his new school....
11. Respondent has been neglectful of the minor child's physical needs. The minor child's pediatrician has informed the Respondent that the *941 minor child is very overweight. Respondent has not followed any suggestions made by Petitioner in order to assist the minor child with his weight problem including but not limited to having him engage in extracurricular physical activities such as basketball and/or baseball and implementing a supervised healthy diet.
These allegations put the mother on sufficient notice that matters regarding the child's medical and educational needs were at issue, and that the parties would be relitigating the issue of medical and educational decision-making. Additionally, evidence introduced at the hearing included the decisions made by the mother regarding the child's educational needs and medical care. Therefore, the trial court did not abuse its discretion in determining that it had jurisdiction to grant the father the ultimate decision-making authority in regard to the child's educational needs and medical care.
In its "Order on Amended Petition for Modification of Final Judgment of Paternity" the trial court made factual findings that the mother has failed to seriously address the child's weight issue despite doctors' recommendations, and that she has been willing to move the child in and out of schools without regard to the father's wishes. The court found that the mother's actions in these matters created, in part, the atmosphere of hostility between the parties, and that the hostility has reached the degree to which it has had a detrimental effect on the child. The court also found that there had been a substantial change in circumstances because the parties essentially became incapable of working within the parameters of shared parental responsibility as set forth in the final judgment. The mother is not appealing these factual findings.
Given these findings, we conclude that the trial court did not abuse its discretion in transferring the ultimate decision-making authority in regard to the child's educational and medical needs from the mother to the father. We, therefore, affirm the trial court's order granting this decision-making authority to the father. See Regan v. Regan, 660 So.2d 1166, 1167 (Fla. 3d DCA 1995) (applying the abuse of discretion standard when reviewing the relief granted by the trial court regarding parental responsibility); Vazquez v. Vazquez, 443 So.2d 313, 314 (Fla. 4th DCA 1984) (concluding that trial court properly exercised its discretion in regard to parental responsibility by requiring children to attend the father's choice of school).
We, however, reverse the trial court's finding of contempt, based upon the father's proper confession of error.
Affirmed in part, reversed in part.
NOTES
[1] The order provides that the parents will still have shared parental responsibility, but that, in the event the parents cannot agree as to matters involving the child's education or medical care, the father shall be responsible for the ultimate decision.