PER CURIAM.
The former wife appeals a non-final order denying her motion to hold the former husband in contempt for failing to pay his one-half share of the college expenses of the parties’ oldest son, pursuant to the parties’ Marital Settlement Agreement. We reverse because, absent a pending motion to modify, the trial court lacked authority to modify the terms of the marital settlement agreement by ordering that the former husband be required to reimburse the former wife for only one-half of the cost of the oldest son’s college education, based on what the cost would have been if the child had attended a state university in Florida on his Bright Futures scholarship.[1] See Chaphe v. Chaphe, 19 So.3d 1019, 1023-24 (Fla. 1st DCA 2009) (holding that where there was no motion pending before the trial court for modification of the martial settlement agreement or the judgment of dissolution, the trial court lacked jurisdiction to reduce the father’s obligations for the children’s educational expenses). A trial court is without jurisdiction to modify a final judgment where no petition for modification has been filed. Torres v. Marzelli, 657 So.2d 943, 943 (Fla. 4th DCA 1995); Leibowitz v. Leibowitz, 611 So.2d 629, 629-30 (Fla. 4th DCA 1993); Sentz v. Sentz, 548 So.2d 297, 297 (Fla. 4th DCA 1989); Anthony v. Snell, 630 So.2d 606, 606 (Fla. 1st DCA 1993).

Reversed and Remanded for further proceedings consistent with this opinion.

POLEN, TAYLOR and HAZOURI, JJ„ concur.

. The oldest son went to an out-of-state university.